466 A.2d 195

**COMMONWEALTH of Pennsylvania**

v.

**Paul COOPER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1983.

Filed Sept. 30, 1983.

Lewis J. Bott, Assistant Public Defender, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

This appeal presents the question of whether a sentencing court may order a defendant to make restitution of the costs and expenses related to the death of an accident victim when the defendant has not been found criminally responsible for the act which resulted in the accident victim's death. We think not and therefore vacate that portion of the judgment of sentence providing for restitution, and affirm the sentence of imprisonment.

On September 8, 1981, Paul J. Cooper, Sr., appellant herein, entered a counseled plea of guilty to a charge of Accident Involving Death or Personal Injury following the death of a twelve-year-old boy who was struck by appellant's automobile on January 28, 1981 in Newport Township, Luzerne County. The offense of Accidents Involving Death or Personal Injury is defined in the Motor Vehicle Code as follows:

§ 3742. **Accidents involving death or personal injury**

(a) **General rule.**—The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the require-

ments of section 3744 (relating to duty to give information and render aid.)[1] Every stop shall be made without obstructing traffic more than is necessary.

75 Pa.C.S.A. § 3742. Following the acceptance of appellant's guilty plea, he was sentenced to undergo imprisonment in the Luzerne County Prison for a minimum of six (6) months and a maximum of twelve (12) months. In addition, appellant was ordered to pay the costs of prosecution and to "pay the family of the victim all costs and expenses incurred by them directly connected with the death of [the victim]."[2]

As support for the imposition of restitution, the sentencing court relied upon Section 1321(c) of the Sentencing Code[3] which provides:

(c) **Restitution.**—In addition to the alternatives set forth in subsection (a) of this section the court may order the defendant to compensate the victim of his criminal conduct for the damage or injury that he [sic] sustained.

In interpreting the authority to impose restitution found in the Sentencing Code, we are guided by the Crimes Code provision[4] that further defines the sentencing court's power to impose restitution. In pertinent part, it provides:

(a) General rule—Upon conviction for any crime ... wherein the victim suffered personal injury *directly resulting from the crime*, the offender may be sentenced to make restitution in addition to the punishment prescribed therefore.

18 Pa.C.S.A. § 1106(a) (1982 Supplement) (emphasis added).

■ The difficulty we have with the restitution imposed by the sentencing court is that the death of the victim was

1. See note 5 *infra.*

2. Sentencing Transcript, October 14, 1981 at 9.

3. Act of December 30, 1974, P.L. 1052, No. 345, § 1, as amended, 42 Pa.C.S.A. § 9721(c) (formerly 18 Pa.C.S.A. § 1321(c)).

4. Act of December 6, 1972 P.L. 1482, No. 34, § 1; 18 Pa.C.S.A. § 101 *et seq.*, as amended by the Act of June 18, 1976, P.L. 394, No. 86, § 1; 18 Pa.C.S.A. § 1106 *et seq.*

not the result of the actions for which appellant has been held criminally responsible. The summary of facts at the guilty plea hearing indicated that appellant struck the victim and inflicted fatal injuries. In pleading guilty appellant admitted only that he violated the law when he left the scene of the accident without rendering aid or providing the information required by 75 Pa.C.S.A. § 3744.[5] He did not admit that he was in any way criminally responsible for having struck the accident victim. Nor was appellant charged with any offense purporting to hold him criminally responsible for the victim's death. Indeed a review of the guilty plea record suggests that such charges may well have been considered and found unsupportable.[6] Thus, the death of the victim stemmed from the collision itself, not

---

5. Section 3744 provides in pertinent part:

**§ 3744. Duty to give information and render aid**

(a) **General rule.**—The driver of any vehicle involved in an accident ... shall give his name, address and the registration number of the vehicle he is driving, and shall upon request exhibit his driver's license and proof of insurance ... and shall render to any person injured in the accident reasonable assistance, including the making of arrangements for the carrying of the injured person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if requested by the injured person.

(b) **Report of accident to police.**—In the event that none of the persons specified are in condition to receive the information to which they otherwise would be entitled under subsection (a) and no police officer is present, the driver of any vehicle ... shall forthwith report the accident to the nearest office of a duly authorized police department and submit to the police department the information specified in subsection (a).

. . . . .

6. At the guilty plea hearing, the Court inquired of Officer Materewicz, the complainant, and Assistant District Attorney William Keller as follows:

THE COURT: Are you saying that your investigation indicated that these are the charges that should be brought and nothing else? OFFICER: Yes, sir. We couldn't find any other charges, Your Honor, Any violations [sic].

. . . . .

THE COURT: Anything else connected with it? Any intoxication or any—...
MR. KELLER: As far as the Officers [sic], there are no violations of any traffic laws at all, Your Honor.

Guilty Plea Transcript, September 8, 1981, at pages 8 and 9.

appellant's act of leaving the scene of the accident, and appellant was not charged or convicted of any crime holding him criminally responsible for having struck and killed the victim.

In other jurisdictions where this problem has arisen, it has been held that restitution is permissible only as to losses flowing from the conduct for which the defendant has been held criminally accountable. *See e.g. Fresneda v. State,* 347 So.2d 1021 (Supreme Court of Fla.1977); *People v. Becker,* 349 Mich. 476, 84 N.W.2d 833 (1957); *State v. Barnett,* 110 Vt. 221, 3 A.2d 521 (1939). In the Michigan case of *People v. Becker, supra,* a case similar to the instant case, the defendant pled guilty to unlawfully leaving the scene of an accident involving personal injury to two pedestrians. As a condition to the probation imposed by the court, it was ordered that defendant make restitution of $1,244.48 to the injured pedestrians. On appeal the Supreme Court of Michigan describing the facts before it related that "the criminal has been convicted of one charge, but his freedom from incarceration [i.e. the restitution condition attached to his probation] is related to another act, precedent in time, with respect to which neither criminal nor civil complaint has been made." The court vacated the restitution holding that:

> [E]ven where imposition of the restitution requirement is held to be proper under the circumstances of the particular case before the court, it can be imposed only as to loss caused by the very offense for which defendant [sic] was tried and convicted. As to other crimes or offenses *there has been no fixing of his liability therefore in a constitutional sense.*

Id. at 486, 84 N.W.2d at 838. The holding of the *Becker* court is grounded upon the rationale that a defendant is denied due process of law when the losses for which restitution has been imposed did not arise from the action for which defendant has been held criminally accountable. We share the constitutional concern of the *Becker* court as to the restitution before us, because appellant has not been

held criminally accountable for the actions which resulted in the death of the accident victim.[7]

We are convinced that the holdings in *Becker* and similar cases from other jurisdictions are consistent with our Crimes Code provision authorizing a sentencing court to impose restitution when the injuries to the victim "directly [*result*] from the crime." We therefore are constrained to vacate that portion of judgment of sentence which commanded appellant to pay restitution to the family of the victim.[8]

As a second issue raised on this appeal, it is alleged that the sentence of imprisonment was "excessive and without regard to the circumstances of the offense and the character of the defendant."

■■■ A sentencing judge in Pennsylvania is vested with broad discretion in determining an appropriate sentence for a defendant. This court will not reverse a judgment of sentence unless a manifest abuse of discretion is shown. *Commonwealth v. Knight,* 479 Pa. 209, 387 A.2d 1297 (1978); *Commonwealth v. Michenfelder,* 268 Pa.Super. 424, 408 A.2d 860 (1979). In imposing confinement, the sentencing judge must consider whether his sentence is the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. *Commonwealth v. Martin* 466 Pa. 118, 351 A.2d 650 (1976); 42 Pa.C.S.A. § 9721.

7. *Compare Thompson v. State,* 557 S.W.2d 521 (Tex.Cr.App.1977).

8. In light of the principles laid down in *Commonwealth v. Galloway,* 302 Pa.Super. 145, 448 A.2d 568 (1982), the order of restitution to the family of the accident victim could not be sustained even if it is proven that appellant was criminally responsible for the death of the accident victim. In *Galloway,* we held that an insurer was not a "victim" for purposes of receiving restitution from a defendant since its reimbursement of its insureds under a contract of insurance was not a "loss" within the contemplation of Section 1106(h) of the Crimes Code. That principle is equally applicable where the family of a victim may have voluntarily assumed to pay the costs and expenses related to the victim's death.

 We have examined the sentencing record. Evidence was presented to the sentencing judge concerning appellant's health, character, employment status, contrition, and the circumstances of the offense. A pre-sentence report was considered by the sentencing judge. From this evidence, the sentencing judge concluded that appellant should receive a sentence of imprisonment. The reasons expressed by the sentencing judge for the sentence were that a life had been taken as a result of the occurrence, the pre-sentence report, the gravity of the offense, and that appellant was in need of correctional treatment. These reasons are sufficient to justify the sentence imposed on appellant. That the sentencing judge did not assign weight to appellant's character evidence and mitigative arguments regarding the circumstances of the offense, does not require the conclusion that the sentence was manifestly excessive.

That portion of the judgment of sentence ordering restitution to the family of the victim is vacated. The sentence of imprisonment of six to twelve months is affirmed.