J-S67026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KELLY PATRICK MEENAN | |
| Appellant | No. 424 MDA 2015 |

Appeal from the Order February 17, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000704-2014

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.　　　　　　　　**FILED MARCH 01, 2016**

Appellant, Kelly Patrick Meenan, appeals from the February 17, 2015 order denying his motion to amend restitution.  Meenan contends, among other things, that the Commonwealth failed to present sufficient evidence of causation between his conduct and injury suffered by the victim.  We conclude that the explicit reasoning employed by the trial court in setting restitution is erroneous, and, therefore, reverse and remand.

On August 18, 2013, at approximately 1:45 a.m., an altercation occurred at the Phyrst Bar and Restaurant in State College, during which Meenan and his cousin, co-defendant Matthew Davidoff, jointly assaulted a

_____

[*] Retired Senior Judge assigned to the Superior Court.

Bouncer. As a result of the coordinated assault, the Bouncer sustained injury to his knee.

Meenan was subsequently charged with one count of simple assault and one count of disorderly conduct. He later entered a plea of *nolo contendere* to the charge of simple assault, and was sentenced to serve two years of probation and ordered to pay restitution for $41,103.95.[1] At sentencing, Meenan reserved the right to contest the restitution ordered. *See* N.T., Sentencing, 7/17/14 at 5.

On August 11, 2014, Meenan filed a "Petition to Amend Restitution Order." The trial judge conducted a hearing on Meenan's petition, at which the victim and several eyewitnesses testified.[2] After the hearing, but before a decision on the motion was rendered, the trial judge was removed from the case. Another judge was appointed to resolve this issue. The substitute judge—in his two paragraph discussion of the issue—observed that Meenan had pled no contest to the charge of simple assault, and therefore had "agreed to be treated as if he caused bodily injury to" the Bouncer, and accordingly imposed restitution in the amount of $83,915.95. This timely appeal followed.

---

[1] Meenan and co-defendant Davidoff were held jointly and severally liable for the restitution award.

[2] The hearing was held jointly with co-defendant Davidoff. Both Meenan and Davidoff also testified.

Meenan raises several arguments, but we address only one, as it is dispositive. Meenan contends that the trial court erred in concluding that his *nolo contendere* plea constituted manifest evidence that he had caused the injury suffered by the Bouncer. **See** Appellant's Brief at 33. We agree.

Initially, we note that Meenan entered a *nolo contendere* plea to the charge of simple assault. In the criminal information filed by the Commonwealth, Meenan was alleged to have "attempt[ed] to cause or intentionally, knowingly or recklessly cause[d] bodily injury to another, to-wit: [the Bouncer.]" Since the information includes the disjunctive "or," and Meenan explicitly reserved the right to contest restitution, there is no indication in the record that Meenan had conceded that he was the cause of the Bouncer's injury.

"[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." **Commonwealth v. Atanasio**, 997 A.2d 1181, 1183 (Pa. Super. 2010) (citation omitted). A sentence of restitution must be based upon statutory authority. **See Commonwealth v. Harner**, 617 A.2d 702, 704 (Pa. 1992). Mandatory restitution, as part of a defendant's sentence, is authorized by 18 Pa.C.S.A. § 1106 and states, in relevant part, the following.

§ 1106. Restitution for injuries to person or property

(a) General rule.—Upon conviction for any crime … wherein the victim suffered personal injury *directly resulting from the*

> *crime* the offender shall be sentenced to make restitution in addition to punished prescribed therefor.

18 Pa.C.S.A. § 1106(a) (emphasis added). The statute evidences the intent to provide the victim with the fullest compensation for his losses incurred as a *direct* result of the defendant's criminal conduct. ***See Commonwealth v. Burwell***, 58 A.3d 790, 794 (Pa. Super. 2012), ***appeal denied***, 69 A.3d 242 (Pa. 2013); ***Commonwealth v. Stradley***, 50 A.3d 769, 773 (Pa. Super. 2012). Furthermore, because of the explicit language in § 1106, restitution is a proper sentence under that the Crimes Code only if there is a "direct causal connection between the crime and the loss." ***Commonwealth v. Barger***, 956 A.2d 458, 465 (Pa. Super. 2008) (en banc) (citation omitted).

For instance, in ***Commonwealth v. Cooper***, 466 A.2d 195 (Pa. Super. 1983), we vacated the trial court's order that required the defendant to pay restitution for the costs of a victim's death borne by the victim's family because the defendant only pled guilty to leaving the scene of the accident and was not found criminally responsible for having struck the victim. ***See*** 466 A.2d at 197. Similarly, in ***Harner*** our Supreme Court vacated a restitution order based upon the value of a couch that was allegedly lost due to conduct for which the defendant was not found criminally responsible.

"It is the Commonwealth's burden of proving its entitlement to restitution." ***Atanasio***, 997 A.2d at 1183 (citation omitted). "Although it is mandatory under section 1106(c) to award full restitution, it is still

necessary that the amount of the 'full restitution' be determined under the adversarial system with considerations of due process." ***Id***. (citation omitted).

Here, the record is devoid of any indication that Meenan had conceded that he was directly responsible for the injury suffered by the Bouncer. The Commonwealth bore the burden of proving otherwise. It was error for the trial court to decide the issue based solely upon Meenan's plea of no contest. We therefore reverse and remand.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Platt joins the memorandum.

Judge Bowes files a dissenting memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2016