J-S55036-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID RUSSELL ABATE | : | |
| | : | |
| Appellant | : | No. 567 WDA 2019 |

Appeal from the PCRA Order Entered March 12, 2019
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0002080-2017

BEFORE:    MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    FILED NOVEMBER 15, 2019

Appellant, David Russell Abate, pro se, appeals from the order entered

March 12, 2019, that denied his first petition filed under the Post Conviction

Relief Act ("PCRA").[1]  We vacate the portion of Appellant's sentence requiring

him to pay restitution to Saints Peter and Paul Ukrainian Catholic Church

("Saints Peter & Paul Church"), but we affirm in all other respects.

According to Appellant's written guilty plea dated December 6, 2017,

which he signed, he "enter[ed] a plea of Guilty to Count 1 only"; the

Information attached thereto stated:

COUNT I - Burglary - Overnight Accommodation; Person Present
(Felony 1st Degree)

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

unlawfully enter a building or occupied structure or separately secured or occupied portion thereof, with the intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter; to wit: the actor, o[n] October 7, 2017, did enter the First Methodist Church to commit a theft. 18 Pa.C.S.A. 3502(a)(1)

Information attached to Written Guilty Plea, 12/6/2017. In exchange for Appellant's guilty plea, the Commonwealth nolle prossed nine additional counts, including two counts of burglary at Saints Peter & Paul Church, one count of receiving stolen property from "multiple churches[,]" and two counts of criminal trespass at Saints Peter & Paul Church. Id.

At the beginning of Appellant's plea hearing, the Commonwealth informed the trial court: "Your Honor, for the record, the []Information changes Count 1 . . . from no person present to a person being present[.[2]]" N.T., 12/6/2017, at 3. Later in the hearing, Appellant was asked, "So you understand you're pleading to one count of Felony 1 burglary?" Id. at 5-6. Appellant answered, "Yes." Id. at 6.

That same day, Appellant was sentenced to four to eight years of confinement and ordered "to pay restitution of $986 to the St. Peter & Paul Ukrainian Catholic Church and $750 to the First Methodist Church in

_____

[2] When the Information was first filed on November 27, 2017, Court 1 charged burglary with "no person present" pursuant to 18 Pa.C.S. § 3502(a)(2), which it graded as a felony of the first degree.

Ambridge." N.T., 12/6/2017, at 10; see also Sentence Order, 12/6/2017.[3] Appellant did not file a direct appeal.

On September 12, 2018, Appellant filed his first, pro se, timely[4] PCRA petition, claiming ineffective assistance of counsel and challenging the legality of his sentence on the basis that his conviction should have been pursuant to 18 Pa.C.S. § 3502(a)(2) (no person present) and graded as a felony of the second degree. PCRA Petition, 9/12/2018, at 2-3.

The next day, the PCRA court appointed counsel to represent Appellant and ordered PCRA counsel to file an amended petition within 45 of days of the date of the order. After being granted a 14-day extension on November 7, 2018, PCRA counsel filed an amended PCRA petition on November 21, 2018, asserting ineffective assistance of counsel due to trial counsel's alleged "fail[ure] to discover and litigate the accurate offense gravity score and grading of the burglary count[.]" Amended PCRA Petition, 11/21/2018, at 1 (not paginated).

On February 28, 2019, the PCRA court held an evidentiary hearing. On March 12, 2019, the PCRA court denied Appellant's petition. On April 8, 2019,

_____

[3] The amount of restitution owed to Saints Peter & Paul Church is handwritten on the sentencing order and may state "$986.09" instead of a whole dollar amount. With this memorandum, we are vacating the entire amount of restitution owned to Saints Peter & Paul Church, including this nine cents, if such change was intentionally included.

[4] The timeliness of a post-conviction petition is jurisdictional. Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa. Super. 2013).

Appellant filed this timely appeal.[5]  Following a Grazier[6] hearing, the PCRA

court granted Appellant pro se status on June 13, 2019.

Appellant presents the following issue for our review:

> [Appellant]'s plea was not knowingly, intelligently, and voluntarily
> made.  Counsel was ineffective.  The [PCRA] court erred by
> dismissing the PCRA [petition.]

Appellant's Brief at A.

"We review the denial of PCRA relief to decide whether the PCRA court's

factual determinations are supported by the record and are free of legal error."

Commonwealth v. Medina, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting

Commonwealth v. Brown, 196 A.3d 130, 150 (Pa. 2018)).

Appellant's challenge to the voluntariness of his plea is waived, because

he could have challenged this alleged error as part of a direct appeal following

his sentencing on December 6, 2017, but he failed to do so.  See 42 Pa.C.S.

§ 9544(b) ("for purposes of [the PCRA], an issue is waived if the petitioner

could have raised it but failed to do so before trial, at trial, during unitary

review, on appeal or in a prior state postconviction proceeding.").

Additionally, Appellant presents no argument in his brief as to why

"[c]ounsel was ineffective" beyond this one-sentence, bald assertion.  See

Appellant's Brief at 1-11.  For this reason, we find any ineffective assistance

of counsel claim waived, as well.  See, e.g., Commonwealth v. Spotz, 18

_____

[5] Appellant filed his statement of errors complained of on appeal on May 15, 2019.  The next day, the PCRA court entered its opinion.

[6] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

A.3d 244, 281 n.21 (Pa. 2011) (without a "developed, reasoned, supported, or even intelligible argument[, t]he matter is waived for lack of development"); In re Estate of Whitley, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority" (internal citations and quotation marks omitted)); Commonwealth v. Sullivan, 864 A.2d 1246, 1248-49 (Pa. Super. 2004) (citing Commonwealth v. Mercado, 649 A.2d 946, 954 (Pa. Super. 1994) (failure to provide support for an issue may result in waiver of the claim)). For the reasons given above, we conclude that all of Appellant's issues raised on appeal are waived.

However, "[a] claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence[,]" and "[a] challenge to the legality of sentence is never waived and may be the subject of inquiry by the appellate court sua sponte." Commonwealth v. Hoffman, 198 A.3d 1112, 1123 (Pa. Super. 2018); see also Commonwealth v. Berry, 877 A.2d 479, 482 (Pa. Super. 2005) ("a court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim"). Accordingly, even though Appellant did not raise on appeal the claim from his PCRA petition that his conviction was improperly graded, claims that the trial court improperly graded an offense challenge the legality of a

sentence, which cannot be waived, and we will thereby address this contention. See Hoffman, 198 A.3d at 1123.

> (1) Except as provided in paragraph (2), burglary is a felony of the first degree.
>
> (2) As follows:
>
>> (i) Except under subparagraph (ii), an offense under subsection (a)(4) is a felony of the second degree.
>>
>> (ii) If the actor's intent upon entering the building, structure or portion under subparagraph (i) is to commit theft of a controlled substance or designer drug as those terms are defined in section 2 of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, burglary is a felony of the first degree.

18 Pa.C.S. § 3502(c).

In the current appeal, Appellant pleaded guilty to 18 Pa.C.S. § 3502(a)(1)(i). See Information attached to Written Guilty Plea, 12/6/2017; N.T., 12/6/2017, at 3, 5-6. As Appellant was not convicted under 18 Pa.C.S. § 3502(a)(4), his conviction was properly graded as a felony of the first degree. 18 Pa.C.S. § 3502(c). Also, even if Appellant had pleaded guilty to 18 Pa.C.S. § 3502(a)(2), Section 3502(a)(2) is also graded as a felony of the first degree for sentencing purposes. 18 Pa.C.S. § 3502(c). Consequently, Appellant's claim before the PCRA court that his sentence was improperly graded and hence illegal is meritless.

Nevertheless, we observe that Appellant was ordered to pay restitution to Saints Peter & Paul Church when he only pleaded guilty to burglary at First Methodist Church; all charges concerning burglary and related crimes at

Saints Peter & Paul Church were nolle prossed. See Information attached to Written Guilty Plea, 12/6/2017; N.T., 12/6/2017, at 3, 5-6, 10; Sentence Order 12/6/2017. "Recognizing that an award of restitution relates to the legality of a sentence, we note that legality of sentence issues may be reviewed sua sponte by this Court." Commonwealth v. Tanner, 205 A.3d 388, 398 (Pa. Super. 2019) (citation and internal quotation marks omitted); see also Hoffman, 198 A.3d at 1123 ("challenge to the legality of sentence is never waived"); Berry, 877 A.2d at 482 ("a court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction").

"When reviewing the legality of a sentence, our standard of review is de novo and our scope of review is plenary." Commonwealth v. Lekka, 210 A.3d 343, 355 (Pa. Super. 2019) (citation omitted).

"The Crimes Code, in 18 Pa.C.S. § 1106, controls restitution as a direct sentence." Commonwealth v. Deshong, 850 A.2d 712, 715 (Pa. Super. 2004). The version of 18 Pa.C.S. § 1106 applicable to Appellant was in effect from January 31, 2005, to October 24, 2018, and stated:

> Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

Id. § 1106(a) (emphasis added).

In Commonwealth v. Zrncic, 167 A.3d 149 (Pa. Super. 2017), this Court considered whether an award of restitution was possible as part of a

direct sentence under 18 Pa.C.S. § 1106, where the related crime had been nolle prossed. The appellant in Zrncic had pleaded guilty to aggravated indecent assault, and the Commonwealth had nolle prossed a charge of unlawful contact with a minor. 167 A.3d at 152. The trial court ordered the appellant to pay for a notebook computer that was confiscated by police during the investigation, even though the computer only contained evidence related to the unlawful contact with a minor charge. Id. "The question, then, [was] whether the trial court may properly impose restitution for the laptop where the loss claimed flows from crimes other than the crime to which Appellant pled guilty." Id.

> The authority to impose restitution comes from Section 1106 of the Crimes Code. Commonwealth v. Barger, 956 A.2d 458, 465 (Pa. Super. 2008) (en banc).
>
> Section 1106 provides that "[u]pon conviction for any crime wherein property has been stolen, converted, or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor." 18 Pa.C.S. § 1106(a) (emphasis added). This section "applies only for those crimes to property or person where there has been a loss that flows from the conduct which forms the basis of the crime for which a defendant is held criminally accountable." Barger, 956 A.2d at 465 . . . Section 1106 requires a "direct nexus" between the loss claimed and the crime "for which Appellant was convicted[.]" Barger, 956 A.2d at 465.

Id. at 152-53 (emphasis in original). This Court concluded that, as the appellant was not convicted of unlawful contact with a minor, the trial court could not impose restitution for the computer, because the computer did not

contain any evidence of aggravated indecent assault, the crime to which the appellant pleaded guilty. Id. at 153.

Similarly, in Commonwealth v. Cooper, 466 A.2d 195, 196 (Pa. Super. 1983), the appellant had been ordered to pay restitution to the family of the victim of a traffic collision, even though the appellant had "not been found criminally responsible for the act which resulted in the accident victim's death."

> In pleading guilty appellant admitted only that he violated the law when he left the scene of the accident without rendering aid or providing the information required by 75 Pa.C.S.A. § 3744. He did not admit that he was in any way criminally responsible for having struck the accident victim. Nor was appellant charged with any offense purporting to hold him criminally responsible for the victim's death. Indeed a review of the guilty plea record suggests that such charges may well have been considered and found unsupportable. Thus, the death of the victim stemmed from the collision itself, not appellant's act of leaving the scene of the accident, and appellant was not charged or convicted of any crime holding him criminally responsible for having struck and killed the victim.

Id. at 196-97 (footnote omitted). After noting that the "Crimes Code provision authorizing a sentencing court to impose restitution" for a loss "directly [resulting] from the crime[,[7]]" this Court concluded that the appellant could not be ordered to pay restitution to the victim's family for the victim's death where the crime to which he had pleaded guilty did not actually hold him criminally responsible for the victim's death. Id. at 197-98.

_____

[7] Although a different version of 18 Pa.C.S. § 1106(a) was in effect at this time, the language that the loss or injury must be the "direct result" of the crime or "directly result" from the crime has not been altered.

In the current action, the restitution that Appellant was ordered to pay to Saints Peter & Paul Church was not "a direct result of the crime" to which he pleaded guilty. 18 Pa.C.S. § 1106(a). As Appellant was not "held criminally accountable" or "criminally responsible" for any crime at Saints Peter & Paul Church, he cannot be ordered to pay restitution to that entity. Zrncic, 167 A.3d at 152; Cooper, 466 A.2d at 196. Ergo, we are constrained to vacate the portion of Appellant's sentence awarding restitution to Saints Peter & Paul Church.

> If this Court determines that a sentence must be corrected, we are empowered to either amend the sentence directly or to remand the case to the trial court for resentencing. If we determine that a correction by this Court may upset the sentencing scheme envisioned by the sentencing court, the better practice is to remand.

Lekka, 210 A.3d at 358–59. In Lekka, this Court vacated the portion of the appellant's sentence requiring him to pay restitution to the victim's heirs, id. at 358, but it determined that, since "the correction does not upset the sentencing scheme and no further action is required of the sentencing court[,] . . . remand for resentencing is not warranted." Id. at 359. Analogously, our correction to the restitution portion of Appellant's sentence does not upset the sentencing scheme and no further action is required by the sentencing court; therefore, remand for resentencing is not warranted. See id. at 358-59.

For the reasons set forth above, we vacate the portion of Appellant's sentence awarding restitution to Saints Peter & Paul Church. Having found no

other error of law, we affirm the order below in all other respects. See Medina, 209 A.3d at 996.

Portion of sentence awarding restitution vacated in part. Order affirmed in all other respects.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2019