J-S65037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
:
CRAIG E. MOSS :
:
Appellant : No. 811 MDA 2019

Appeal from the Order Entered April 16, 2019
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001036-1996

BEFORE: PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED JANUARY 06, 2020**

Appellant, Craig E. Moss, *pro se*, appeals from the order entered
April 16, 2019, denying his Motion to Vacate and Correct Illegal Sentence
("the Motion"). We reverse the order, vacate the underlying judgment of
sentence in part, and remand for resentencing on the issue of restitution.

On April 15, 1996, Appellant set a fire "in the apartment of an individual
with whom he had had a violent argument." **Commonwealth v. Moss**, 706
A.2d 1256, No. 326 Harrisburg 1997, unpublished memorandum at 2 n.6 (Pa.
Super. filed December 5, 1997).

On July 30, 1996, the Waynesboro Police Department filed a criminal
complaint against Appellant charging him with: one count of arson placing
another person in danger of death or bodily injury; one count of criminal

_____

[*] Retired Senior Judge assigned to the Superior Court.

mischief damaging tangible property of another intentionally, recklessly, or by negligence; and eight counts of recklessly endangering another person ("REAP").[1] Criminal Complaint, 7/30/1996, at 1-4 (not paginated). According to the complaint, the victims of both Counts 1 and 2, the arson and the criminal mischief charges, were listed as Lillian Stevens and Robert Eyler, and the victims of Counts 3-10, the REAP charges, were Jesse Osborne, Paul Henson, Nelson Egolf, Leroy Hess, Dan Hill, Charles Hintermeyer, John Meixner, and Robert Eyler, respectively. *Id.* The charges for this criminal complaint later received Docket Number CP-28-CR-0001036-1996 ("No. 1036").

In the Information filed on December 4, 1996, the victims of Count 1 – arson -- were listed as: Stevens; "a firefighter, police officer or other person actively engaged in fighting the fire"; and "the residents who lived inside" the apartment building. Information, 12/4/1996.

On January 13, 1997, Appellant pleaded *nolo contendere* to arson only; in exchange, the remaining charges at No. 1036 were *nolle prossed*, as were two additional charges of robbery and theft by unlawful taking[2] at Docket Number CP-28-0000776-1996 ("No. 776"). At the plea hearing, the

---

[1] 18 Pa.C.S. §§ 3301(a)(1)(i), 3304(a)(1), and 2705, respectively. Subsections 3301(a)(1)(i) and 3304(a)(1), and Section 2705 have not been amended between the date of Appellant's offense (April 15, 1996) and their current versions.

[2] 18 Pa.C.S. § 3701(a)(1) (effective June 24, 1976, to May 16, 2010) and § 3921(a) (effective June 6, 1973 to present), respectively.

Commonwealth stated that No. "776 is a robbery at the Best Western Hotel[.]" N.T., 1/13/1997, at 2. Sentencing was deferred for the preparation of a presentence investigation report ("PSI") by the Franklin County Probation Department. *Id.* at 6.

The PSI, dated February 24, 1997, recommended that the trial court order restitution totaling $81,959.01, distributed as follows: $10,500.00 to Stevens, $4,305.00 to Eyler, $66,730.51 to Penn National Insurance,[3] and $423.50 to Best Western of Waynesboro. PSI at 11-12 (not paginated). The PSI included a "[b]reak-down of Lillian Stevens' restitution[.]" *Id.* at 12. For Penn Mutual Insurance, the PSI provided a claim number (#02447151) and stated that the suggested restitution award was for "numerous victims who lived in building" but did not provide any specifics, such as these victims' names. *Id.* at 2, 12 (unnecessary capitalization omitted). No explanation was provided for the suggested restitution figures for Eyler or Best Western.

At Appellant's sentencing hearing on March 5, 1997, the trial court asserted that it "considered what's in the presentence report" and sentenced Appellant to 42 to 240 months of confinement. N.T., 3/5/1997, at 5. The Commonwealth stated: "There is restitution due, and we're going to request that probation determine the amount of restitution." *Id.* at 2. The trial court replied, "Okay." *Id.*

_____

[3] Penn National Insurance was not mentioned during either Appellant's plea hearing or sentencing. *See generally* N.T., 1/13/1997; N.T., 3/5/1997.

A written court order was entered that same day and stated: "[R]estitution shall be made in the amount of $10,500 to Lillian Stevens[, $]4,305 to Robert Eyler[, $]66,730.51 to Penn National Insurance[, and $]423.50 to Best Western of Waynesboro" for a total of $81,959.01. Order of Court, 3/5/1997, at 2 (not paginated).[4] That order only listed No. 1036, not No. 776. *Id.* at 1-2.

> Appellant filed a timely appeal, and this Court affirmed his judgment of sentence on December 5, 1997. *See Commonwealth v. Moss*, 706 A.2d 1256 (Pa. Super. 1997) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court and, thus, his judgment of sentence became final on January 5, 1998. *See* 42 Pa.C.S. § 9545(b)(3) (directing that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (stating that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed").
>
> Between 1998 and 2005, Appellant filed six PCRA petitions, all of which were denied. Then, on September 29, 2017, he filed [the Motion,] which underlies the present appeal. Therein, Appellant requested that the trial court modify or vacate allegedly illegal aspects of his sentence of restitution under 18 Pa.C.S. § 1106. Additionally, Appellant averred that he was not given adequate credit for time served prior to his sentencing hearing in March of 1997. Accordingly, he requested that the court vacate his illegal sentence and conduct a new sentencing hearing.
>
> The court treated this document as a PCRA petition and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss it. Appellant filed a *pro se* response, but on July 6, 2018, the PCRA court entered

---

[4] At the end of the Pennsylvania Commission on Sentencing Guideline Sentence Form - Offender and Court Information Sheet listing No. 1036 only, Appellant's total restitution is listed as $81,959.01. Both the deputy clerk and the trial court judge signed the form.

an order formally dismissing his petition as being untimely filed. Appellant filed a timely, *pro se* notice of appeal[.]

***Commonwealth v. Moss***, No. 1210 MDA 2018, unpublished memorandum at 1-2 (Pa. Super. filed January 3, 2019). On appeal, this Court --

agree[d] with Appellant that the trial court erred by treating his restitution claim as cognizable under the PCRA and deeming it untimely. Accordingly, we vacate[d] the court's order to the extent that it denied Appellant's motion for restitution modification, and we remand[ed] for the court to assess the merits of that issue. However, we affirm[ed] the court's order in regard to Appellant's time-credit claim.

***Id.*** at 4-5.

Following remand, the trial court held a hearing on February 25, 2019. On April 16, 2019, the trial court, "[a]fter careful and diligent consideration of the record and the law in this case," found that Appellant was "not entitled to relief" and denied his motion. Trial Court Opinion, filed April 16, 2019, at 11; ***see also*** Order of Court, filed April 16, 2019. Appellant filed this timely appeal on May 15, 2019.[5]

Appellant presents the following issues for our review:

[**I.**] Was the trial court's decision not to correct a patent and obvious error that is apparent from the . . . docket without resort to third party information contrary to both United [S]tates and Pennsylvania Supreme Court precedent?

[**II.**] Was the trial court's decision not to vacate [Appellant's] illegal sentence of restitution an abuse of discretion as well as contrary to both U.S. and Pennsylvania appellate court precedent?

---

[5] On May 24, 2019, Appellant filed his statement of errors complained of on appeal. On June 13, 2019, the trial court entered an opinion recapitulating this case's procedural history, then stating that the analysis in its opinion that accompanied its order dated April 16, 2019, would serve as its opinion pursuant to Pa.R.A.P. 1925(a). Trial Court Opinion, filed June 13, 2019, at 9.

Appellant's Brief at 3 (issues re-ordered to facilitate disposition).

In the argument section of his brief, Appellant clarifies that the "patent and obvious error" mentioned in his statement of questions involved is actually his allegation that he was not given adequate credit for time served prior to his sentencing hearing in March 1997. *Id.* at 3, 9. However, this Court already rejected Appellant's time-credit claim, and this action was remanded solely on Appellant's motion for restitution modification. *Moss*, No. 1210 MDA 2018, at 5. "[U]pon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court[.]" *Mariner Chestnut Partners, L.P. v. Lenfest*, 152 A.3d 265, 282 (Pa. Super. 2016). Accordingly, we cannot and will not reassess Appellant's time-credit claim.

Appellant's remaining challenge is that the trial court's decision not to vacate his allegedly "illegal sentence of restitution was an abuse of discretion as well as contrary to both U.S. and Pennsylvania appellate court precedent." Appellant's Brief at 4. He continues that "[i]t is beyond dispute that[] the burden of demonstrating the amount of loss sustained by a victim as a[]result of the offense shall be on the attorney for the government." *Id.* He argues that the trial court erred by entering an order of restitution that was not supported by the record, including that the record contained no factual basis for the appropriate amount of restitution. *Id.* at 5. He adds that "the Commonwealth failed to produce any evidence" during the sentencing

hearing, such as "receipts [or] records" "to justify the restitution order." *Id.* at 5, 8.

We consider the law concerning restitution as of the date of Appellant's crime (in 1996), as the controlling statute and procedural requirements for the imposition of restitution have evolved significantly over the past two decades. Shortly before Appellant's crime, this Court provided a thorough review of restitution law in *Commonwealth v. Walker*, 666 A.2d 301 (Pa. Super. 1995). This Court explained that "challenges to the appropriateness of a sentence of restitution are generally challenges to the legality of the sentence." *Id.* at 307 (citing *Commonwealth v. Balisteri*, 478 A.2d 5 (Pa. Super. 1984) (the legality of a sentence of restitution "is not a waivable issue" and therefore, we must address appellant's contention)) (additional citations omitted).[6] The appellant in *Walker*, *id.* at 310 -- like Appellant in the current appeal -- urged this Court to find that the sentencing court erred in imposing restitution without first determining the actual amount of the victims' loss. Relying upon *Commonwealth v. Reed*, 543 A.2d 587, 589 (Pa. Super.

---

[6] This Court noted an exception for "challenges alleging that a sentence of restitution is excessive under the circumstance[,]" which would, instead, be considered "challenges to the discretionary aspects of sentencing." *Walker*, 666 A.2d at 307 (citations omitted). Although Appellant's brief, at 5, uses the word "excessive" in a quote from *Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa. Super. 2010), the brief does not otherwise argue that the amount of restitution was excessive, and nothing else in the brief implies that Appellant is challenging the discretionary aspects of his sentence of restitution. *See* Appellant's Brief at 4-8.

1988), and **Balisteri**, 478 A.2d 5, this Court "held that an order of restitution that was not supported by the record was illegal." **Walker**, 666 A.2d at 310. Accordingly, we hold that Appellant's claim challenges the legality of his sentence and, consequently, cannot be waived.[7] Ergo, we will consider its merits.

"When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Lekka**, 210 A.3d 343, 355 (Pa. Super. 2019) (citation omitted).

---

[7] In its opinion, the trial court stated that the award of restitution cannot be reviewed, because it was part of a plea bargain. Trial Court Opinion, filed April 16, 2019, at 10. The Commonwealth sent a letter to this Court stating that it did not intend to file a brief, as it "agrees with the Opinion of the trial [c]ourt[.]" Letter from Jens C. Wagner, Assistant District Attorney, to Jennifer Traxler, Esquire, Deputy Prothonotary (August 9, 2019).

Both the trial court and the Commonwealth are incorrect. Under current case law and case law as of the date of Appellant's crime, where an appellant's underlying claim on appeal challenges the legality of his sentence, its review is not precluded by a plea, including a plea entered pursuant to a negotiated plea bargain. **See, e.g.**, **Commonwealth v. Rivera**, 154 A.3d 370, 381 (Pa. Super.) (*en banc*) (quoting **Commonwealth v. Gentry**, 101 A.3d 813, 819 (Pa. Super. 2014) ("Our cases clearly state that a criminal defendant cannot agree to an illegal sentence, so the fact that the illegality was a term of his plea bargain is of no legal significance.")), *appeal denied*, 169 A.3d 1072 (Pa. 2017); **Commonwealth v. Stradley**, 50 A.3d 769, 772 (Pa. Super. 2012); **Commonwealth v. Dalberto**, 648 A.2d 16, 18 (Pa. Super. 1994) ("It is firmly established that a plea of guilty generally amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the *legality* of sentence, and the validity of the guilty plea." (emphasis in original) (citations omitted)), *appeal denied*, 655 A.2d 983 (Pa.), *cert. denied*, 516 U.S. 818 (1995); **see also Commonwealth v. Harvey**, 595 A.2d 1280 (Pa. Super. 1991) (where defendant entered into a negotiated guilty plea and no direct appeal was taken, nor post-sentence motions filed, he could still challenge the validity of his plea in post-conviction collateral proceedings), *appeal denied*, 608 A.2d 28 (Pa. 1992).

"Since an order of restitution is a sentence, whether it is imposed as a direct sentence or as a condition of probation or parole, **it must be supported by the record**." ***Commonwealth v. Torres***, 579 A.2d 398 (Pa. Super. 1990) (emphasis added) (citations omitted).

In ***Walker***, 666 A.2d at 310, this Court agreed with the appellant that the trial court erred "by failing to determine for itself the extent of the victims' losses."

> A careful review of the sentencing hearing transcript reveals that the sentencing court improperly relied upon the adult probation officer's findings as to the expenses for which the victims had not been compensated, in contravention of our holding in ***Commonwealth v. Kioske***, 337 Pa.Super. 593, 487 A.2d 420 (1985) (trial court may not delegate to the county adult probation department the final determination as to any disputed amounts to be paid by defendant as restitution). . . . As a result, we find that the sentencing court failed to comply with the mandate . . . that the sentencing court determine the amount of loss or damage caused . . . and how [restitution] should be paid. ***Id.*** at 22-23, 617 A.2d at 707.

***Id.*** at 310–11.[8]   Hence, in ***Walker***, ***id.*** at 311, this Court vacated the judgment of sentence in part and remanded the case for resentencing on the

---

[8] ***Walker*** had also stated that "the sentencing court [must] determine . . . the amount of restitution appellant can afford to pay[.]"   666 A.2d at 311 (citations omitted).   However, the appellant in ***Walker*** had committed his crimes prior to the 1995 amendment to the statute regulating restitution, discussed in more detail below.   By the time Appellant committed his crime in 1996, the statute had been amended so that the trial court "shall order full restitution [r]egardless of the current financial resources of the defendant[.]"   18 Pa.C.S. § 1106(c)(1)(i) (effective July 2, 1995).   ***See also Commonwealth v. Christian Ford***, 217 A.3d 824, 829–30 n.11 (Pa. 2019) ("The General Assembly has since abolished that requirement [that trial courts consider a defendant's 'ability to pay' before ordering restitution] by statute.

issue of restitution. This Court noted that, on remand, in addition to fulfilling the mandates of *Kioske*, "the trial court must [also] determine whether the amounts the victim was compensated by her medical insurance or appellant's automobile insurance were properly excluded from the restitution." *Id.* (citations omitted).

Analogously, our review of the sentencing hearing transcript in the current action reveals that the trial court improperly deferred to the probation department to determine the amount to be paid by Appellant as restitution in contravention of *Walker*, *id.* at 310-11, and *Kioske*, 487 A.2d 420. N.T., 3/5/1997, at 2. The trial court thereby failed to comply with the mandate of those two cases that the court must determine the amount of loss or damage caused, the amount of restitution Appellant can afford to pay, and how it should be paid. As this Court did in *Walker*, 666 A.2d at 311, we are compelled to reverse the trial court's order denying the Motion, to vacate the underlying judgment of sentence in part, and to remand the case for resentencing on the issue of restitution. At that time, the trial court must determine the amount of loss or damage caused, how it should be paid, and whether the amounts the victims were compensated by insurance were properly excluded from the restitution.[9] *See id.* at 310-11.

---

*See* 18 Pa.C.S. § 1106(c)(1)(i) (providing that courts must order full restitution "[r]egardless of the current financial resources of the defendant").

[9] The amount that Stevens was compensated by insurance appears to have been excluded from the original calculation of restitution awarded to her. PSI at 12.

Furthermore, we observe that, in the trial court, Appellant raised the additional issue that the trial court should have only ordered restitution for damages that flowed directly from the crime for which he was convicted – arson. *See* Trial Court Opinion, filed April 16, 2019, at 8. However, Appellant failed to include this challenge in his brief to this Court. *See* Appellant's Brief at 4-8. Nevertheless, "legality of sentence issues may be reviewed *sua sponte* by this Court[,]" including legality of sentence issues relating to "an award of restitution[.]" *Commonwealth v. Tanner*, 205 A.3d 388, 398 (Pa. Super. 2019) (citation and internal quotation marks omitted); *see also Commonwealth v. Hoffman*, 198 A.3d 1112, 1123 (Pa. Super. 2018) ("challenge to the legality of sentence is never waived"); *Walker*, 666 A.2d at 307 (citing *Balisteri*, 478 A.2d 5 (the legality of a sentence of restitution is not a waivable issue and therefore, we must address appellant's contention)); *Commonwealth v. Thaddeus Ford*, 461 A.2d 1281, 1289 (Pa. Super. 1983) ("[t]he illegality of sentence is not a waivable matter and may be considered by the appellate courts of the Commonwealth *sua sponte*"). In *Walker*, the appellant additionally argued that the trial court ordered restitution without making "a determination of criminal responsibility for the injuries sustained[,]" and this Court concluded that this claim "pose[d] a challenge to the legality of the sentence of restitution[.]" 666 A.2d at 308 (citing *Reed*, 543 A.2d 587 (order of restitution requiring a defendant to make restitution for a loss which, according to the record, he did not cause, is illegal)). Since a challenge to whether the restitution award ordered by the

trial court flows directly from the crime of which the appellant was convicted is a challenge to the legality of a sentence and since a challenge to the legality of a sentence is not waivable and may be raised by this Court *sua sponte*, we thereby have chosen to review this issue *sua sponte*.

Again, turning to the law of restitution as it existed in 1996, we find ***Commonwealth v. Cooper***, 466 A.2d 195, 196 (Pa. Super. 1983), in which the appellant had been ordered to pay restitution to the family of the victim of a traffic collision, even though the appellant had "not been found criminally responsible for the act which resulted in the accident victim's death."

> In pleading guilty appellant admitted only that he violated the law when he left the scene of the accident without rendering aid or providing the information required by 75 Pa.C.S.A. § 3744. He did not admit that he was in any way criminally responsible for having struck the accident victim. Nor was appellant charged with any offense purporting to hold him criminally responsible for the victim's death. Indeed a review of the guilty plea record suggests that such charges may well have been considered and found unsupportable. Thus, the death of the victim stemmed from the collision itself, not appellant's act of leaving the scene of the accident, and appellant was not charged or convicted of any crime holding him criminally responsible for having struck and killed the victim.

***Id.*** at 196-97 (footnote omitted). ***Cooper*** relied upon 18 Pa.C.S. § 1106(a), "the Crimes Code provision that . . . defines the sentencing court's power to impose restitution. In pertinent part, it provides:

> (a) General rule-Upon conviction for any crime ... wherein the victim suffered personal injury *directly resulting from the crime,* the offender may be sentenced to make restitution in addition to the punishment prescribed therefore.

- 12 -

466 A.2d at 196 (emphasis in original) (footnote omitted). This same version of Section 1106(a) was still in place in 1996.[10] After **Cooper** noted that the "Crimes Code provision authoriz[es] a sentencing court to impose restitution" for a loss "directly [resulting] from the crime[,]" it concluded that the appellant could not be ordered to pay restitution to the victim's family for the victim's death where the crime to which he had pleaded guilty did not actually hold him criminally responsible for the victim's death. **Id.** at 197-98. **See also Commonwealth v. Harner**, 617 A.2d 702, 705-06 (Pa. 1992) ("restitution can be permitted under 18 Pa.C.S. § 1106 only as to losses for which the defendant has been held criminally accountable"; "this statute is clear on its face and applies only for those crimes to property or person where there has been a loss that flows from the conduct which forms the basis of the crime for which a defendant is held criminally accountable"); **Commonwealth v. Yanoff**, 690 A.2d 260, 265-66 (Pa. Super. 1997) (for murder committed in 1994, appellant was ordered to make restitution to victim's parents for funeral expenses; this restitution award was affirmed, in part because "[r]estitution applies only for those crimes to property or person where there has been a

---

[10] Appellant was sentenced pursuant to the version of 18 Pa.C.S. § 1106 in effect between July 2, 1995, and December 3, 1998. **See** 1995, May 3, P.L. 999, No. 12 (Spec. Sess. No. 1), § 1, effective in 60 days; 1998, Dec. 3, P.L. 933, No. 121, § 1, imd. effective. Nonetheless, although the text of other subsections of 18 Pa.C.S § 1106 would be amended repeatedly, except for the 1998 amendment changing "may" to "shall", the text of subsection (a) did not alter between its initial passage until October 24, 2018. **See** 2018, Oct. 24, P.L. 891, No. 145, § 1, imd. effective.

loss that flows from the conduct which forms the basis of the crime for which a defendant is held criminally accountable").

Similarly, in the current action, the restitution that Appellant was ordered to pay to Best Western[11] was not "a direct result of the crime" to which he pleaded guilty. 18 Pa.C.S. § 1106(a). As Appellant was not held "criminally accountable" or "criminally responsible" for any crime at Best Western, he cannot be ordered to pay restitution to that entity. *Harner*, 617 A.2d at 705-06; *Yanoff*, 690 A.2d at 266; *Cooper*, 466 A.2d at 196.[12] Thus,

---

[11] According to the Order of Court dated March 5, 1997, and the Pennsylvania Commission on Sentencing Guideline Sentence Form - Offender and Court Information Sheet, the restitution for Best Western was awarded pursuant to No. 1036, not No. 776. Hence, we may address the award of restitution to Best Western as part of this appeal from No. 1036.

[12] This would be the result pursuant to any version of 18 Pa.C.S. § 1106(a) prior to the amendment October 24, 2018. (As of the date of this decision, there is no precedential case law interpreting the post-amendment version of Section 1106(a), and, as we need not reach that issue to determine the current action, we will not speculate as to the result of any such appeal.)

For example, in *Commonwealth v. Zrncic*, 167 A.3d 149 (Pa. Super. 2017), this Court considered whether an award of restitution was possible as part of a direct sentence under 18 Pa.C.S. § 1106, where the related crime had been *nolle prossed*. The appellant in *Zrncic* had pleaded guilty to aggravated indecent assault, and the Commonwealth had *nolle prossed* a charge of unlawful contact with a minor. 167 A.3d at 152. The trial court ordered the appellant to pay for a notebook computer that was confiscated by police during the investigation, even though the computer only contained evidence related to the unlawful contact with a minor charge. *Id.* "The question, then, [was] whether the trial court may properly impose restitution for the laptop where the loss claimed flows from crimes other than the crime to which Appellant pled guilty." *Id.*

- 14 -

on remand, the trial court may not re-impose an award of restitution to Best

Western.[13]

---

> The authority to impose restitution comes from Section 1106 of the Crimes Code. ***Commonwealth v. Barger***, 956 A.2d 458, 465 (Pa. Super. 2008) (*en banc*).
>
> Section 1106 provides that "[u]pon conviction for any crime wherein property has been stolen, converted, or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury **directly resulting from the crime**, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor." 18 Pa.C.S. § 1106(a) (emphasis added). This section "applies only for those crimes to property or person where there has been a loss that flows from the conduct which forms the basis of the crime for which a defendant is held criminally accountable." ***Barger***, 956 A.2d at 465 (quoting ***Harner***, 617 A.2d at 706). . . . Section 1106 requires a "direct nexus" between the loss claimed and the crime "**for which Appellant was convicted**[.]" ***Barger***, 956 A.2d at 465.

***Id.*** at 152-53 (emphasis in original). This Court concluded that, as the appellant was not convicted of unlawful contact with a minor, the trial court could not impose restitution for the computer, because the computer did not contain any evidence of aggravated indecent assault, the crime to which the appellant pleaded guilty. ***Id.*** at 153.

Accordingly, even under recent case law, the pivotal question remains whether the restitution that Appellant was ordered to pay to Best Western was "a direct result of the crime" to which he pleaded *nolo contendere*. 18 Pa.C.S. § 1106(a). As Appellant was not "held criminally accountable" for any crime at Best Western, he cannot be ordered to pay restitution to that entity. ***Zrncic***, 167 A.3d at 152. Ergo, we would still be constrained to vacate the portion of Appellant's sentence awarding restitution to Best Western.

[13] Upon remand, the trial court should determine on the record whether the restitution award to Penn National Insurance was paid to compensate the insurance company for payments it made pursuant to the **arson** and not pursuant to any of the counts that were *nolle prossed*. The charge of arson placing another person in danger of death or bodily injury, listed as Count 1

For the reasons set forth above, we reverse the order of the trial court denying the Motion and vacate the portion of the underlying judgment of sentence relating to restitution. We remand for resentencing on the issue of restitution only, during which the trial court may not reinstate an award of restitution to Best Western.

Order reversed. Judgment of sentence vacated in part. Case remanded for resentencing on the issue of restitution. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/06/2020

_____

of No. 1036, was the only count for which Appellant was held "criminally accountable" or "criminally responsible." *Harner*, 617 A.2d at 705-06; *Yanoff*, 690 A.2d at 266; *Cooper*, 466 A.2d at 196.

We further observe that the criminal complaint only listed Stevens and Eyler as victims under Count 1, whereas the subsequently filed Information catalogued the victims as: Stevens; "a firefighter, police officer or other person actively engaged in fighting the fire"; and "the residents who lived inside" the apartment building. Criminal Complaint, 7/30/1996, at 1; Information, 12/4/1996.