J. S26023/17

2017 PA Super 219

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL DAVID ZRNCIC, | : | |
| | : | |
| APPELLANT | : | |
| | : | No. 1496 MDA 2016 |

Appeal from the Order Entered August 31, 2016
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0002531-2008

BEFORE: BOWES, J., DUBOW, J., and FITZGERALD, J.[*]

OPINION BY DUBOW, J.: **FILED JULY 12, 2017**

Appellant, Michael David Zrncic, appeals from the August 31, 2016 Order entered in the Cumberland County Court of Common Pleas directing Appellant to pay restitution in the amount of $1,527.26 to the Victims Compensation Assistance Program and $1,038.77 to his minor victim's mother. On appeal, Appellant challenges the restitution that the trial court awarded to the victim's mother, averring that there is an insufficient nexus between the loss claimed and the charge to which he pled guilty. For the reasons that follow, we are constrained to vacate the portion of the Restitution Order awarding $1,038.77 to the victim's mother.

---

[*] Former Justice specially assigned to the Superior Court.

We briefly summarize the relevant facts and procedural history of the instant case, as gleaned from the record, as follows.  During a two-month period in 2008, Appellant had an unlawful sexual relationship with a 15-year-old female student at the karate school that he owned.  Appellant's inappropriate contact with his victim occurred both in person and electronically, and included, *inter alia*, having the victim perform oral sex on him.

Police arrested Appellant and charged him with one count each of Involuntary Deviate Sexual Intercourse ("IDSI") and Unlawful Contact with a Minor, two counts each of Aggravated Indecent Assault and Corruption of Minors, and three counts of Indecent Assault.  As part of their investigation, police seized the victim's laptop, which the Commonwealth avers contains "direct evidence" that Appellant committed the offense of Unlawful Contact with a Minor.  Trial Court Opinion, dated 8/31/16, at 3.

On January 8, 2009, Appellant entered into a negotiated guilty plea to one consolidated count of Aggravated Indecent Assault and the Commonwealth *nolle prossed* the remaining charges, including Unlawful Contact with a Minor.  The parties did not include restitution in the terms of the plea agreement, and restitution became the subject of considerable dispute.[1]

---

[1] The instant appeal represents the third time this Court has reviewed the restitution award at issue in the instant case.  As the earlier appeals are

Eventually, on August 31, 2016, the trial court ordered Appellant to pay restitution totaling $1,527.26 to the Victims Compensation Assistance Program and $1,038.77 to the victim's mother.[2]  The sum owed to the victim's mother represents the amount she paid to replace her daughter's laptop.  The police had seized the laptop as evidence as part of their investigation into the charge of Unlawful Contact with a Minor.

Appellant filed a timely notice of appeal and Appellant and the trial court both complied with Pa.R.A.P. 1925.

On appeal, Appellant raises three issues:

1.  Whether the trial court erred in ordering [] Appellant to pay restitution for a laptop computer which did not represent damages to a person or property related to the charge to which [Appellant] pled guilty and was sentenced?

2.  Whether the trial court erred in ordering [] Appellant to pay restitution for a laptop computer purchased by the victim's mother when the computer was not damaged and the victim's mother did not demand the return of the computer from the police after it had been analyzed?

3.  Whether the trial court erred in directing [] Appellant to pay restitution for antivirus software and for an extended maintenance plan for a laptop computer which the victim's

---

irrelevant to our disposition, we need not discuss them in further detail. **See Commonwealth v. Zrncic**, No. 420 MDA 2014, unpublished memorandum at 12-16 (Pa. Super. filed January 29, 2015) (holding that the original sentence of restitution, set without a specific amount in anticipation of a later hearing, was illegal); **Commonwealth v. Zrncic**, 131 A.3d 1008 (Pa. Super. 2016) (holding that Appellant was entitled to counsel at his restitution hearing on remand).

[2] Appellant does not dispute the sum owed to the Victims Compensation Assistance Program which includes, *inter alia*, counseling for the victim.

mother purchased as a replacement for one turned over to the police during the course of the investigation?

Appellant's Brief at 4.

Each of Appellant's three issues challenges the imposition of restitution as part of Appellant's sentence. An issue regarding the award of restitution presents a pure question of law, subject to plenary and *de novo* review. ***Commonwealth v. Brown***, 956 A.2d 992, 994 (Pa. Super. 2008) (*en banc*).

Appellant argues that since the laptop only contained evidence relevant to the charge of Unlawful Contact with a Minor, and the Commonwealth *nolle prossed* this charge when Appellant pled guilty to Aggravated Indecent Assault, there is no direct nexus between the charge to which he pled guilty and the restitution order. Therefore, Appellant avers, the trial court had no authority to include the replacement cost of the laptop in the restitution order.

Our Supreme Court has held that "restitution is a creature of statute and, without express legislative direction, a court is powerless to direct a defendant to make restitution as part of a sentence." ***Commonwealth v. Harner***, 617 A.2d 702, 704 (Pa. 1992) (citation omitted). The authority to impose restitution comes from Section 1106 of the Crimes Code. ***Commonwealth v. Barger***, 956 A.2d 458, 465 (Pa. Super. 2008) (*en banc*).

Section 1106 provides that "[u]pon conviction for any crime wherein property has been stolen, converted, or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury **directly resulting from the crime**, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor." 18 Pa.C.S. § 1106(a) (emphasis added). This section "applies only for those crimes to property or person where there has been a loss that flows from the conduct which forms the basis of the crime for which a defendant is held criminally accountable." *Barger*, 956 A.2d at 465 (quoting *Harner*, 617 A.2d at 706).

In the instant case, police seized the laptop in order to investigate whether Appellant committed the offense of Unlawful Contact with a Minor, a charge that the Commonwealth later dismissed. It is undisputed that the laptop did not contain any evidence of Aggravated Indecent Assault, the crime to which Appellant pled guilty. The question, then, is whether the trial court may properly impose restitution for the laptop where the loss claimed flows from crimes other than the crime to which Appellant pled guilty.

This Court previously addressed this specific question in *Barger*, holding that any restitution ordered must flow from only those crimes for which a defendant is convicted, and not any underlying, unproven, conduct. In *Barger*, the police charged the appellant with Rape, Statutory Sexual Assault, Sexual Assault, Indecent Assault, Corruption of Minors, Terroristic

Threats, and Harassment. *Barger*, 956 A.2d at 459. A jury found the appellant not guilty of all felony and misdemeanor charges; the trial court, however, convicted the appellant of Harassment. *Barger*, at 460. The trial court sentenced the appellant, in part, to restitution in the amount of $600.00 to cover the cost of replacing a couch on which the victim claimed the appellant had raped her. *Id.* at 460.

Upon review of the record, this Court found that Section 1106 did not authorize a sentence directing the appellant to pay restitution for the couch because there was not a direct nexus between the loss of the couch and the charge for which the trial court convicted the appellant. *Id.* at 465.

> The trial court convicted [the appellant] of the offense of harassment for slapping [the victim]. [The victim] testified at trial that the couch was replaced because "[that was] where I was raped and we didn't want that in my house." [citation omitted] Even assuming that there was a loss of property within the meaning of Section 1106, **there was no direct nexus between the crime for which [the appellant] was convicted and the loss of the couch, as Section 1106 requires.**

*Id.* (emphasis added). None of the evidence at trial supported a conclusion that the appellant slapped the victim on the couch. *Id.* at 465. Thus, we found that the loss of the couch did not flow from the behavior for which the appellant was held criminally accountable, and "[a]ccordingly, Section 1106 provided no authority to the trial court to include restitution for the couch." *Id.*

In the instant case, the trial court found that "the laptop contained direct evidence of [Appellant's] complicity in the charge of [U]nlawful [C]ontact with [a] [M]inor, which is why it was seized." Trial Court Opinion at 3. While the trial court acknowledges that the Commonwealth *nolle prossed* the charge of Unlawful Contact with a Minor, the trial court argues that Appellant has "already benefitted greatly from his plea bargain" and "should not now benefit a second time by avoiding paying restitution for his actions[.]" *Id.*

However much we may sympathize with this position, the legislature does not authorize a trial court to impose restitution based only on the trial court's sympathies for the victim. Rather, Section 1106 requires a "direct nexus" between the loss claimed and the crime "**for which Appellant was convicted**[.]" *Barger*, 956 A.2d at 465.

Nor are we persuaded by the trial court's conclusion that a "direct causal connection" exists between the loss of the laptop and the charge of Aggravated Indecent Assault because "[Appellant] was initially charged with [U]nlawful [C]ontact with a [M]inor, and but for his plea agreement he would still have been faced with that charge[.]" Trial Court Opinion at 3. Being "faced with [a] charge" is insufficient to justify an award of restitution, and the trial court may not award restitution based on its conjecture that a jury would have found Appellant guilty of the charge had the case gone to trial. Whatever may have happened in the instant case in the absence of a

plea agreement, Appellant was not convicted of Unlawful Contact with a Minor.

We, therefore, vacate the portion of the Restitution Order awarding $1,038.77 to the victim's mother.

Restitution Order vacated in part. All other aspects of Judgment of Sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2017