J-S63002-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MARK ALAN ANDRESS | |
| Appellant | No. 1147 WDA 2016 |

Appeal from the Judgment of Sentence July 12, 2016
In the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-CR-0000403-2015

BEFORE: BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    FILED NOVEMBER 28, 2017

Mark Andress appeals from the judgment of sentence of three and one-half to eleven years incarceration plus $13,314 in restitution imposed following his convictions for, inter alia, aggravated assault. We affirm.

The facts are straightforward. At 7:09 a.m. on July 14, 2015, Assistant Chief Michael Ward and Officer Clayton Yohe of the Bradford City Police department were dispatched to an apartment for a reported domestic violence incident. When they arrived, the victim Carol VanHorn told the officers that Appellant, her boyfriend, had grabbed her and attempted to shove her towards an open window. She feared being pushed out of the window, so she dropped to the ground. Appellant then left the apartment.

Both officers observed that Ms. VanHorn was crying and had fresh markings on her skin. Appellant returned while the officers spoke to the victim. He was visibly agitated and was shouting profanities. Chief Ward asked Appellant to place his hands on the wall to pat him down for safety. Appellant complied, and Officer Ward then told him that he would be placed in restraints. Chief Ward tried to pull down Appellant's arm to place him in handcuffs, but Appellant spun and kicked him in the ankle. A struggle ensued, and Appellant choked the officer for approximately one minute. Appellant eventually released Chief Ward, who subsequently incurred financial costs for the treatment of his ankle.

For these acts, Appellant was charged with two counts of aggravated assault, both of which listed Chief Ward as the victim, in addition to the following crimes: resisting arrest, two counts of simple assault—one each for attacking Ms. VanHorn and Chief Ward—and one count of summary harassment. Following a jury trial, Appellant was acquitted of one count of aggravated assault, and convicted of all remaining charges.

Appellant filed timely post-sentence motions, which were denied. He timely appealed, and both Appellant and the trial court complied with Pa.R.A.P. 1925. The matter is ready for our review of Appellant's two issues.

I.      Was the evidence insufficient to support Defendant's conviction for resisting arrest where the underlying arrest was unlawful?

II.     Was the sentencing court's imposition of restitution in excess of $13,000.00 an illegal sentence because there was no direct causal connection between the conduct Defendant was held liable for and the damages suffered by the victim?

Appellant's brief at 4.

Appellant's first claim attacks the sufficiency of the evidence to support the charge of resisting arrest. Whether the evidence was sufficient to sustain the charge presents a question of law. Our standard of review is de novo and our scope of review is plenary. Commonwealth v. Walls, 144 A.3d 926, 931 (Pa.Super. 2016) (citation omitted). In conducting our inquiry, we

> examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence.

Commonwealth v. Doughty, 126 A.3d 951, 958 (Pa. 2015). The charge of resisting arrest is defined as follows:

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S. § 5104. Therefore, to sustain a conviction for resisting arrest, the Commonwealth must establish that the arrest was lawful, which we have held requires a showing "that the arresting officer possess probable cause." *Commonwealth v. Hock*, 728 A.2d 943, 946 (Pa. 1999) (citing *Commonwealth v. Biagini*, 655 A.2d 492, 497 (Pa. 1995)).

Appellant's sufficiency challenge is limited to that element. He maintains that nothing was found during the pat down and therefore the officers lacked probable cause to effectuate an arrest. We disagree, as statutory authority existed to arrest Appellant for simple assault. Pursuant to 18 Pa.C.S. § 2711, Ms. VanHorn's account, as corroborated by the officer's observations, supplied the necessary probable cause.

> (a) General rule.--A police officer shall have the same right of arrest without a warrant as in a felony whenever he has probable cause to believe the defendant has violated section 2504 (relating to involuntary manslaughter), 2701 (relating to simple assault), 2702(a)(3), (4) and (5) (relating to aggravated assault), 2705 (relating to recklessly endangering another person), 2706 (relating to terroristic threats) or 2709.1 (relating to stalking) against a family or household member although the offense did not take place in the presence of the police officer. A police officer may not arrest a person pursuant to this section without first observing recent physical injury to the victim or other corroborative evidence.

18 Pa.C.S. § 2711.[1]   Herein, the officers observed markings on Ms. VanHorn's neck, corroborating her allegation of simple assault.   Therefore, the officers possessed statutory authority to place Appellant under arrest.

Appellant's second claim challenges the ability of the court to impose restitution, not the amount.   This claim implicates the legality of the sentence, which presents a question of law that we review de novo. Commonwealth v. Zrncic, 167 A.3d 149 (Pa.Super. 2017).

The Crimes Code codifies a trial court's ability to impose restitution for personal injuries:

> § 1106. Restitution for injuries to person or property
>
> (a)General rule.—Upon conviction for any crime wherein . . . the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution[.]

18 Pa.C.S.A. § 1106(a).   Due to the "directly resulting from the crime" language, we have held that "restitution is proper only if there is a direct causal connection between the crime and the loss."   Commonwealth v. Harriott, 919 A.2d 234, 238 (Pa.Super. 2007) (citing In re M.W., 725 A.2d 792 (Pa. 1999)).   "[T]he courts utilize a 'but for' test in calculating those damages which occurred as a direct result of the crime."   Commonwealth

---

[1] The statute refers to 23 P.S. § 6102 for definitions, which defines "family member" as, inter alia, "current or former sexual or intimate partners."

v. Oree, 911 A.2d 169, 174 (Pa.Super. 2006). The necessary causal link, however, must pertain to one of the convicted crimes.

Zrncic, supra, highlights this principle of law, which Appellant contends compels reversal. In Zrncic, the police suspected Zrncic was having sex with a minor and seized the victim's laptop to investigate whether the device was used to contact Zrncic. The laptop apparently contained direct evidence showing that defendant committed the crime of unlawful contact with a minor. However, the Commonwealth withdrew that charge as part of a plea agreement; Zrncic pleaded guilty to aggravated indecent assault, which bore no relationship to the evidence discovered on the laptop. The trial court awarded restitution to the victim's mother for the costs of replacing the seized device. We reversed, due to the fact that Appellant was not convicted of any crime that pertained to the laptop:

> In the instant case, police seized the laptop in order to investigate whether Appellant committed the offense of Unlawful Contact with a Minor, a charge that the Commonwealth later dismissed. It is undisputed that the laptop did not contain any evidence of Aggravated Indecent Assault, the crime to which Appellant pled guilty. The question, then, is whether the trial court may properly impose restitution for the laptop where the loss claimed flows from crimes other than the crime to which Appellant pled guilty.
>
> This Court previously addressed this specific question in [Commonwealth v. Barger, 956 A.2d 458 (Pa.Super. 2008) (en banc)], holding that any restitution ordered must flow from only those crimes for which a defendant is convicted, and not any underlying, unproven, conduct. In Barger, the police charged the appellant with Rape, Statutory Sexual Assault, Sexual Assault, Indecent Assault, Corruption of Minors,

- 6 -

Terroristic Threats, and Harassment. Barger, 956 A.2d at 459. A jury found the appellant not guilty of all felony and misdemeanor charges; the trial court, however, convicted the appellant of Harassment. Barger, at 460,. The trial court sentenced the appellant, in part, to restitution in the amount of $600.00 to cover the cost of replacing a couch on which the victim claimed the appellant had raped her. Id. at 460.

Upon review of the record, this Court found that Section 1106 did not authorize a sentence directing the appellant to pay restitution for the couch because there was not a direct nexus between the loss of the couch and the charge for which the trial court convicted the appellant. Id. at 465.

Id. at 152.

Appellant maintains that the same logic applies herein. Specifically, he argues that the jury acquitted him of one of the two aggravated assault counts, which he claims necessarily establishes that the loss is not traceable to one of the crimes for which he was actually convicted. Since Appellant attaches significance to the jury's acquittal, we review the elements of the two aggravated assault crimes.

(a) Offense defined.--A person is guilty of aggravated assault if he:

. . . .

(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty;

(3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents,

> employees or other persons enumerated in subsection (c), in the performance of duty;

18 Pa.C.S. § 2702. The jury acquitted Appellant of the count charging (a)(2), while convicting under (a)(3). Appellant maintains that this verdict signifies that the jury convicted Appellant only of choking Chief Ward, not the kick that caused the ankle fracture. "Specifically, though Defendant was convicted of the F-2 aggravated assault (the alleged choking), the F-1 aggravated assault charge was rejected by the jury. Consequently, there was no connection between the simple assault on Chief Ward and the injury he sustained." Appellant's brief at 13.

We disagree. Preliminarily, we note that this Court cannot divine why the jury convicted of one count and acquitted of the other, in that the criminal information did not specifically mention either the injuries to the ankle or the choking. Moreover, even if the Commonwealth had explicitly stated as such, the jury's verdict does not establish, for purposes of this restitution analysis, that Appellant's crimes were not the proximate cause of Chief Ward's injuries, especially insofar as criminal convictions require proof beyond a reasonable doubt.

In any event, we find that the trial court could properly impose restitution as a result of Appellant's conviction for resisting arrest. We have no doubt that, but for Appellant's initial act of resisting arrest, the injuries to Chief Ward would not have occurred. In this respect, we note that the

statutes delineating the justifiable use of force explicitly state that the use of force is not permitted to resist arrest.

> (a) Use of force justifiable for protection of the person.--The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.
>
> (b) Limitations on justifying necessity for use of force.—
>
> > (1) The use of force is not justifiable under this section:
> >
> > > (i) to resist an arrest which the actor knows is being made by a peace officer, although the arrest is unlawful; or
>
> . . . .

18 Pa.C.S. § 505 (emphasis added).  Accordingly, Appellant was not entitled to resist the arrest.  As our Supreme Court stated in Commonwealth v. Biagini, 655 A.2d 492 (Pa. 1995): "We cannot state it any more clearly: there does not exist in Pennsylvania a right to resist arrest, under any circumstances. The lawfulness of the arrest must be decided after the fact and appropriate sanctions imposed in a later judicial setting."  Id. at 499 (emphasis added).

Thus, but for Appellant's unlawful act, the injuries would not have occurred.  Hence, we find that the restitution was properly awarded as a direct consequence of Appellant's resisting arrest conviction.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/28/2017