J-A29037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON SCOTT WISSINGER | : | |
| | : | |
| Appellant | : | No. 789 WDA 2019 |

Appeal from the Judgment of Sentence Entered January 10, 2019
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0000160-2018

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED JANUARY 2, 2020**

Brandon Scott Wissinger (Wissinger) appeals from the judgment of sentence imposed by the Court of Common Pleas of Butler County (trial court) following his entry of a guilty plea to Receiving Stolen Property (RSP).[1] Wissinger challenges the trial court's restitution award.  We vacate the restitution award and remand for resentencing.

This case stems from the brutal robbery of 73-year old Robert Patterson (Patterson) in his home.  On December 2, 2017, at approximately 6:22 a.m., Patterson answered his door when his doorbell rang, expecting to see a family member.  Instead, Wissinger's cohorts, Michael Karch (Karch) and David

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3925(a).

Boggs (Boggs), forced their way into the home, while Wissinger and Janet Greiner waited outside in a truck. Karch and Boggs hit Patterson over the head twice with a gun and beat him for 50 minutes before tying him up. They then took a number of items from the home and fled in the truck.

Wissinger was charged with five counts of conspiracy (to commit burglary, robbery, theft, aggravated assault and simple assault) and one count of RSP. On December 6, 2018, he entered a guilty plea to the RSP offense only that involved the receipt of 12 firearms belonging to Patterson. The Commonwealth dismissed the conspiracy charges. On January 10, 2019, the trial court sentenced Wissinger to a term of not less than 27 nor more than 54 months of imprisonment. The court also ordered Wissinger to pay Patterson, jointly and severally with his co-defendants, restitution the amount of $15,779.00 though later amended to $15,429.00.[2] Wissinger timely appealed and he and the trial court complied with Rule 1925. *See* Pa.R.A.P. 1925(a)-(b).

On appeal, Wissinger argues that the restitution award was improperly calculated because the amount imposed was not a direct result of the crime to which he pled guilty. He contends that, at most, the record supports restitution in the amount attributable to the firearms only.

---

[2] The court also ordered Wissinger to pay $4,774.80 to the Victim Compensation Assistance Program. Defense counsel did not contest this assessment.

"Initially, we note that when a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." **Commonwealth v. Stradley**, 50 A.3d 769, 771-72 (Pa. Super. 2012) (citation omitted). "In the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence." **Id.** (citation omitted). An appeal from an order of restitution based on a claim that a restitution order is unsupported by the record challenges the legality of the sentence. **See id.** The determination as to whether the trial court imposed an illegal sentence is a question of law, and our standard of review is plenary. **See id.** Additionally, a restitution award must be strictly scrutinized because its purpose is primarily punitive. **See Commonwealth v. Hunt**, 2019 WL 4783495, at *4 (Pa. Super. filed Oct. 1, 2019).

Section 1106 of the Crimes Code, governing restitution for injuries to person or property, provides in relevant part as follows:

**(a) General rule.**—Upon conviction for any crime wherein:

(1) property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime; or

(2) the victim, if an individual, suffered personal injury directly resulting from the crime,

the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

* * *

**(c) Mandatory restitution.—**

(1) The court shall order full restitution . . . .

(2) At the time of sentencing the court shall specify the amount and method of restitution.  In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

18 Pa.C.S. § 1106(a)(1)-(2); (c)(1), (2)(i).

"[R]estitution is proper only if there is a direct causal connection between the crime and the loss." ***Commonwealth v. Lekka***, 210 A.3d 343, 358 (Pa. Super. 2019) (citation omitted).  "Because restitution is a sentence, the amount ordered must be supported by the record, and may not be speculative." ***Id.*** (citation omitted).  "In addition, the amount of restitution awarded must be determined under the adversarial system with considerations of due process." ***Id.*** (citation omitted).  Due process concerns are implicated when the losses for which restitution has been imposed did not arise from the action for which the defendant has been held criminally accountable.  ***See Commonwealth v. Cooper***, 466 A.2d 195, 197 (Pa Super. 1983).

"[A]ny restitution ordered must flow from only those crimes for which a defendant **is convicted**, **and not any underlying, unproven, conduct**." ***Commonwealth v. Zrncic***, 167 A.3d 149, 152 (Pa. Super. 2017) (citation omitted; emphasis added).  "Section 1106 requires a 'direct nexus' between

the loss claimed and the crime **for which Appellant was convicted**[.]" *Id.* at 153 (citation omitted; emphasis in original). "In a case of theft by receiving stolen property, a reviewing court will not countenance a sentence provision which requires restitution for property which the Commonwealth has not proven was either stolen or received by the [defendant]." *Commonwealth v. Reed*, 543 A.2d 587, 589 (Pa. Super. 1988) (citation omitted).

As previously noted, Wissinger pled guilty to RSP of a number of firearms. (*See* Plea Agreement, 12/06/18; Information, 3/02/18, at Count 4). At the restitution hearing, Patterson explained that he has been collecting firearms since about 1960, and that he owns pistols, rifles and shotguns. (*See* N.T. Hearing, 4/10/19, at 23). He described for the court, to the best of his ability, each firearm that was missing and the amount that he paid for it or its value. (*See id.* at 15). Patterson further testified that his loss attributable to the stolen guns was $7,000.00. (*See* N.T. Hearing, 4/10/19, at 14-24; *see also* Trial Court Opinion, 4/23/19, at 1-2).[3]

Because Wissinger pled guilty only to the RSP charge and not on any of the dismissed conspiracy charges, the record does not support the restitution ordered of $15,429.00. However, through Patterson's testimony, there is sufficient evidence to support an award of $7,000.00 for the loss of the guns.

_____

[3] There is some discrepancy in the record as to whether 12 or 13 firearms were taken. However, Patterson testified that his loss related to the guns was $7,000.00.

Accordingly, we vacate the restitution order awarding $15,429.00 to Patterson and remand to the trial court for entry of an Amended Order awarding restitution in the amount of $7,000.00.

Restitution order vacated. All other aspects of Judgment of Sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/2/2020