J-A11013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANTE LAMONT SCOTT | : | |
| | : | |
| Appellant | : | No. 1702 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 9, 2019
In the Court of Common Pleas of Mifflin County
Criminal Division at No(s):  CP-44-CR-0000196-2019

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED JULY 21, 2020**

Dante Lamont Scott appeals from the judgment of sentence imposed on September 3, 2019, in the Mifflin County Court of Common Pleas, and as modified on October 9, 2019. On the former date, Scott entered a global plea agreement at three criminal dockets to one count of burglary.[1] The court sentenced him to a term of five to ten years' incarceration with credit for time served, plus fines and restitution in the amount of $2,894.29. On appeal, Scott challenges the legality and amount of restitution imposed. After careful consideration, we vacate the portion of the judgment of sentence requiring

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S. § 3502(a)(1)(ii).

him to pay restitution to the Estate of Corkins, but we affirm in all other respects.

On March 4, 2019, holding a knife and what appeared to be a gun, Scott barged into a home, uninvited, and terrorized several victims. He threatened to kill the victims as well as himself. During the investigation, the officers learned of an incident that occurred earlier that day, wherein Scott assaulted two females at his home, holding a knife to both of their throats and threatening to rape one of the women. Scott was charged with numerous offenses related to the two incidents at Criminal Docket No. CP-44-CR-0000196-2019 ("Docket No. 196").

Scott had previously been charged with four counts each of possession of a firearm prohibited and receiving stolen property at Criminal Docket No. CP-44-CR-0000588-2018 ("Docket No. 588") on March 13, 2018, for an unrelated incident.[2] Additionally, he was charged with one count of criminal use of a communication facility[3] at Criminal Docket No. CP-44-CR-0000197-2019 ("Docket No. 197") on April 15, 2019, which was also for a separate incident.

On September 3, 2019, Scott pled guilty to one count of burglary at Docket No. 196 as part of a global negotiated plea agreement to resolve all

_____

[2] *See* 18 Pa.C.S. §§ 6105(a)(1) and 3925(a), respectively.

[3] *See* 18 Pa.C.S. § 7512.

three criminal dockets in exchange for a sentence of not less than five years nor more than ten years and that the remaining charges at all three dockets be *nolle prossed*.

The court accepted the plea agreement and sentenced Scott in accordance with those terms. The court also ordered that Scott to pay the costs of prosecution (a $500.00 fine), determined that he was eligible for a recidivism risk reduction incentive (RRRI) minimum sentence of 50 months, awarded him credit for time previously served, and imposed restitution in the amount of $2,894.29. The restitution amount was allocated as follows: (1) $344.29 to V-CAP/Victim #6 at Docket No. 196-2019; and (2) $2,550.00 to the Estate of Corkins at Docket No. 588-2018.[4]

Scott subsequently filed a post-sentence motion challenging the restitution, and a hearing was held on September 24, 2019. The court summarized the evidence presented at the hearing as follows:

> Garth Corkins, the representative of the victim's estate, presented a list of stolen items along with his opinion as to the value of each item. Testimony provided [Scott] stole a German Mauser that the victim's husband brought home from a concentration camp in Dachau after World War II. Garth Corkins … was unable to appraise the guns that were taken from his Mother, the victim, because they were stolen. Therefore, Mr. Corkins looked at gun sites on the internet to find comparable makes and models of the guns that were stolen and attribute a value to those guns based on the used condition and pictures. Based on this research, Mr.

---

[4] Scott's counsel questioned the amount at the time of sentencing and reserved the right to raise the issue in a post-sentence motion. ***See*** N.T., 9/3/2019, at 12-13.

Corkins valued the German Mauser at $1,500.00 and two .22 High Standard Sporks Kinds at $300.00 apiece.

Trial Court Opinion, 11/15/2019, at 1-2.

Based on this evidence, the court entered an order on September 26, 2019,[5] modifying the restitution at Docket No. 196-2019 as follows:

Restitution for the unknown make handgun has an unfounded value.

The value of the two (2) .22 High Standard Sport Kings are set at $300.00 (THREE HUNDRED DOLLARS) a piece for a total of $600.00 (SIX HUNDRED DOLLARS).

The value of the German Mauser is set at $1,500.00 (ONE THOUSAND FIVE HUNDRED DOLLARS).

THEREFORE, Restitution in the within action is set at $2,100.00 (TWO THOUSAND ONE HUNDRED DOLLARS).

Order, 9/26/2019.

Thereafter, on October 9, 2019, the court entered a modified sentence,[6] which provided, in relevant part:

[A]fter hearing held September 24, 2019, the Court MODIFIES the sentence entered the 3rd day of September, 2019, as follows: [Scott] having entered a plea of guilty to the charge of burglary, and the court having an adequate basis upon which to enter sentence, the court enters the following:

[Scott] … shall make restitution in the amount of $2,894.29[.]

---

[5] The order was dated September 24th, but timestamped two days later.

[6] The order was dated October 8th, but timestamped on the following day.

Modified Sentence, 10/9/2019.[7] This timely appeal followed.[8]

As a prefatory matter, we note Scott's appellate brief was filed late, despite having been granted an extension of time. *See* Order, 1/21/2020. The order explicitly stated: "Appellant shall file his brief on or before February 28, 2020." *Id.* Subsequently, Scott filed his appellate brief on March 9, 2020.

Pennsylvania Rule of Appellate Procedure 2188 provides, in relevant part, that an appellee "may move for dismissal of the matter" when an appellant fails to file his brief in a timely manner. Pa.R.A.P. 2188. Here, however, the Commonwealth did not seek dismissal of the appeal or otherwise protest Scott's tardy filing. Absent an objection from the appellee, a panel of this Court has previously overlooked an appellant's "non-compliance with Rule 2188 pursuant to our discretion under Pa.R.A.P. 105(a)," and addressed the

_____

[7] In what appears to be scrivener's error, Scott's modified sentence did not reflect the new amount allocated in the September 24, 2019, restitution order to the Estate of Corkins, $2,100.00, which would have decreased the total restitution amount to $2,444.29. Rather, the court restated the original restitution amount set forth in the September 3rd sentence, $2,894.29, which, based on the record and without further explanation from the court, appears to include a restitution amount of $2,550.00 for the estate victim. *See also* Trial Court Opinion, 11/15/2019, at 2 ("As such, the [court finds] the Commonwealth provided a sufficient factual basis on the record to support its request for restitution in the amount of $2,100.00.").

[8] On October 21, 2019, the court directed counsel to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Scott complied with the court's directive, and filed a concise statement on November 13, 2019. The trial court filed a Rule 1925(a) opinion two days later.

substantive claims on appeal. ***AmerisourceBergen Corp. v. Doe***, 81 A.3d

921, 923 n.1 (Pa. Super. 2013). We will do the same in the present matter.

In his first argument, Scott asserts that the "order imposing restitution

in the amount of $2,100.00 was illegal, as there was no causal connection

between the restitution imposed for the alleged victim's stolen property and

the crime for which [Scott] was held criminally responsible." Appellant's Brief,

at 15. He cites to ***Commonwealth v. Yahya Asaad Muhammed***, 219 A.3d

1207, 1211 (Pa. Super. 2019). In the alternative, Scott complains that if one

were to assume that paying restitution on *nolle prossed* charges was part of

his plea agreement, the agreement cannot be enforced because according to

***Commonwealth v. Rivera***, 154 A.3d 370 (Pa. Super. 2017), a "defendant

cannot agree to an illegal sentence, so the fact that the illegality was a term

of his plea bargain is of no legal significance." ***Id.***, at 381.[9]

As Scott's claim concerns the legality of his sentence, ***see Muhammed***,

219 A.3d at 1212, our standard of review regarding the matter is as follows:

> It is well settled that a challenge to the legality of a sentence
> raises a question of law. In reviewing this type of claim, our
> standard of review is *de novo* and our scope of review is plenary.
> An illegal sentence must be vacated[.] Further, we have explained
> that a criminal defendant cannot agree to an illegal sentence, so
> the fact that the illegality was a term of his plea bargain is of no
> legal significance. Moreover, a challenge to the legality of the

---

[9] Scott states the restitution imposed to reimburse V-CAP in the amount of $344.29 is not in dispute in the present matter. ***See*** Appellant's Brief, at 12. Therefore, we need not address it further.

sentence can never be waived and may be raised by this Court *sua sponte*.

***Id.***, at 1211 (citations, quotations, and quotation marks omitted).[10]

"The [Pennsylvania] Crimes Code, in 18 Pa.C.S. § 1106, controls restitution as a direct sentence." ***Commonwealth v. Deshong***, 850 A.2d 712, 715 (Pa. Super. 2004). Section 1106 provides, in relevant part: "Upon conviction for any crime wherein: (1) property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased **as a direct result of the crime**[.]" 18 Pa.C.S. § 1106(a)(1) (emphasis added). Due to the "directly resulting from the crime" language, this Court has previously held that "restitution is proper only if there is a direct causal connection between the crime and the loss." ***Commonwealth v. Harriott***, 919 A.2d 234, 238 (Pa. Super. 2007) (citation omitted). "[T]he courts utilize a 'but for' test in calculating those damages which occurred as a direct result of the crime." ***Commonwealth v. Oree***, 911 A.2d 169, 174 (Pa. Super. 2006). Lastly, "[s]ince an order of restitution is a sentence, whether it is imposed as a direct sentence or as a condition of probation or parole, it must be supported by the record." ***Commonwealth v. Hainsey***, 550 A.2d 207, 213 (Pa. Super. 1998) (quotation and internal citations omitted).

---

[10] Based on our standard of review, the Commonwealth's argument that Scott waived this issue for appellate review purposes because he failed to raise the claim at sentencing and at the hearing on his post-sentence motions is unavailing. ***See*** Appellee's Brief, at 4.

While not directly on point with the facts of the present case, we find *Commonwealth v. Zrncic*, 167 A.3d 149 (Pa. Super. 2017) to be instructive. In *Zrncic*, the defendant engaged an unlawful sexual relationship with a minor female. As part of the investigation, the police seized the victim's laptop computer, which contained evidence that the defendant committed the offense of unlawful contact with a minor. The defendant subsequently pled guilty to aggravated indecent assault, and the Commonwealth *nolle prossed* an unlawful contact with a minor charge. The court ordered the defendant to pay the victim's mother for the laptop, despite the fact that the computer only contained evidence regarding the unlawful contact with a minor charge. The issue on appeal was whether the court "may properly impose restitution for the laptop where the loss claimed flows from crimes other than the crime to which [the defendant] pled guilty." *Id.*, at 152.

A panel of this Court opined, "Section 1106 requires a 'direct nexus' between the loss claimed and the crime 'for which Appellant was convicted[.]'" *Id.*, at 152-153 (emphasis omitted), *quoting* *Commonwealth v. Barger*, 956 A.2d 458, 465 (Pa. Super. 2008) (*en banc*). The *Zrncic* Court concluded that because the defendant was not convicted of unlawful contact with a minor, the court could not impose restitution for the laptop since the device did not contain any evidence concerning the crime to which he pled guilty – aggravated indecent assault.

Furthermore, the *Zrncic* Court stated:

> While the trial court acknowledges that the Commonwealth *nolle prossed* the charge of Unlawful Contact with a Minor, the trial court argues that [the defendant] has "already benefitted greatly from his plea bargain" and "should not now benefit a second time by avoiding paying restitution for his actions[.]"
>
> However much we may sympathize with this position, the legislature does not authorize a trial court to impose restitution based only on the trial court's sympathies for the victim. Rather, Section 1106 requires a "direct nexus" between the loss claimed and the crime "for which Appellant was convicted[.]"
>
> Nor are we persuaded by the trial court's conclusion that a "direct causal connection" exists between the loss of the laptop and the charge of aggravated indecent assault because "[the defendant] was initially charged with [u]nlawful [c]ontact with a [m]inor, and but for his plea agreement he would still have been faced with that charge[.]" Being "faced with [a] charge" is insufficient to justify an award of restitution, and the trial court may not award restitution based on its conjecture that a jury would have found [the defendant] guilty of the charge had the case gone to trial. Whatever may have happened in the instant case in the absence of a plea agreement, [the defendant] was not convicted of unlawful contact with a minor.

*Id.* (emphasis, quotation, and some capitalization omitted).

Subsequently, in **Muhammed**, which Scott cites to, the defendant admitted to entering the victim's home with a co-defendant, remaining inside the residence while items were either removed or damaged, and not having a legal right to be in the home. The defendant then entered into a negotiated guilty plea to criminal trespass, and the Commonwealth *nolle prossed* the remaining charges, which included theft charges. The co-defendant pled guilty to criminal mischief but not theft. The court thereafter sentenced the defendant to pay restitution joint and several with his co-defendant, but did not impose a specified amount at that time. The court later held a hearing,

where it concluded that items missing from the victim's home were a direct result of the co-defendants' conduct and set a specific amount.

On appeal, the defendant argued that "because he pled guilty to criminal trespass, only property that was unlawfully obtained or its value substantially decreased as a direct result of the trespass may be ordered as restitution." *Muhammed*, 219 A.3d at 1213 (quotation and quotation marks omitted).

A panel of this Court agreed with the defendant's argument. In addition to finding the sentence was illegal because the trial court failed to comport with the requirements of 18 Pa.C.S. § 1106(c)(2) by not imposing a specified amount at the time of sentencing, the *Muhammed* Court also concluded: "[B]ecause [the defendant] nor his co-defendant were held criminally accountable for the theft of items from the victim's home, the trial court imposed an illegal sentence when it ordered restitution for those losses." *Muhammed*, 219 A.3d at 1214.[11] *See also Commonwealth v. Cooper*, 466 A.2d 195, 197-198 (Pa. Super. 1983) (concluding appellant could not be ordered to pay restitution to the victim's family for the victim's death where the crime to which he had pled guilty, leaving a vehicular accident scene

---

[11] The *Muhammed* Court found no error in the trial court's imposition of restitution for the damaged items because it concluded the damaged property was a direct result of the defendant's criminal conduct based on the following: (1) the defendant acknowledged he entered the home with his co-defendant and that property damage occurred; (2) the co-defendant pled guilty to criminal mischief, which included property damage as an element of the offense; and (3) the court ordered the defendant make restitution jointly and severally with his co-defendant. *Muhammed*, 219 A.3d at 1214.

without giving information or rendering aid, did not actually hold him criminally responsible for the victim's death).

Turning to the present matter, the trial court addressed Scott's legality argument as follows: "While the charges for which restitution is due were *nolle prossed*, the global resolution on this matter was to include the amount of restitution. Therefore, the Court finds [Scott]'s causal connection argument is without merit." Trial Court Opinion, 11/15/2019, at 2.

In light of ***Zrncic*** and ***Muhammed***, we disagree with the court's imposition of restitution for the firearms at Docket No. 588. We recognize that "restitution was an integral part of the sentencing scheme fashioned by the trial court and acknowledged by" Scott with respect to his global guilty plea, and he had agreed to provide for it as part of the plea. ***Commonwealth v. Mariani***, 869 A.2d 484, 486 (Pa. Super. 2005); ***see also*** N.T., 9/3/2019, at 10-13.

> In this context it must be remembered that the primary purpose of restitution is rehabilitation of the offender by impressing upon him that his criminal conduct caused the victim's loss or personal injury and that it is his responsibility to repair the loss or injury as far as possible. Thus recompense to the victim is secondary as [a] sentence imposing restitution is not an award of damages.

***Mariani***, 869 A.2d at 486 (quotations and quotation marks omitted). Additionally, we reiterate that a defendant "cannot agree to an illegal sentence, so the fact that the illegality was a term of his plea bargain is of no legal significance." ***Muhammed***, 219 A.3d at 1211.

- 11 -

The restitution that Scott was ordered to pay to the Estate of Corkins at Docket No. 588 was not a "direct result of the crime" to which he pleaded guilty, burglary, at Docket No. 196. 18 Pa.C.S. § 1106(a). The matters were two separate and unrelated criminal incidents. Due to the fact that Scott was not "held criminally accountable" for any crime at Docket No. 588, he cannot be ordered to pay restitution for the stolen items. *See Zrncic*, 167 A.3d at 152. Section 1106(a) afforded the trial court no authority to include the restitution at issue, and consequently, we are constrained to vacate the portion of Scott's sentence awarding restitution to the Estate of Corkins.

In his second argument, Scott argues the evidence was insufficient to establish the amount of restitution imposed. *See* Appellant's Brief, at 17 - 18. Based on our conclusion that the restitution imposed is illegal and should be vacated, we need not address this argument further.

Lastly, because vacating the restitution order does not affect the overall sentencing scheme as set forth by the trial court, we need not remand this matter. *See Commonwealth v. Lekka*, 210 A.3d 343, 358-359 (Pa. Super. 2019) ("If this Court determines that a sentence must be corrected, we are empowered to either amend the sentence directly or to remand the case to the trial court for resentencing. If we determine that a correction by this Court may upset the sentencing scheme envisioned by the sentencing court, the better practice is to remand.") (quotations and quotation marks omitted).

In sum, we vacate the portion of Scott's sentence awarding restitution to the Estate of Corkins. Having discerned no other error of law, we affirm the sentence below in all other respects.

Judgment of sentence affirmed in part and vacated in part as to restitution only. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/21/2020