J-A27011-22

2023 PA Super 21

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                               :                          PENNSYLVANIA
                                               :
                                               :
            v.                                 :
                                               :
                                               :
                                               :
REX ALLEN STOOPS                               :
                                               :
            Appellant                          :   No. 459 MDA 2022

Appeal from the Order Entered February 10, 2022
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001017-2019

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

OPINION BY DUBOW, J.:                          **FILED: FEBRUARY 14, 2023**

Appellant, Rex Allen Stoops, appeals from the order entered in the Court

of Common Pleas of Franklin County, which denied his request to vacate the

restitution portion of his sentence. Appellant argues that there was an

insufficient causal nexus between his criminal conduct, leading police on a car

chase, and his sentence of restitution, imposed for damage to police vehicles

sustained at the end of the chase. After review, we affirm.

The factual and procedural history of this case is not in dispute. On April

17, 2019, Appellant led police on a car chase through Waynesboro. Eventually,

Appellant pulled into an alleyway and came to a stop. As described by the trial

court, one "police vehicle entered the alley immediately after the defendant's

vehicle and pulled to the left side of the defendant's vehicle. [Another] cruiser

_____

[*] Retired Senior Judge assigned to the Superior Court.

pulled in immediately behind the defendant[, and a third] cruiser pulled into the alley from the opposite end and stopped in front of the defendant's vehicle."[1]

At this point, a passenger exited Appellant's car. As she did so, Appellant's car "lurched forward,"[2] and "the brake lights . . . came on and went off more than once."[3] One of the police cruisers then struck Appellant's vehicle from behind, and Appellant's vehicle "then struck the other patrol vehicle" ahead of it.[4]

As a result of the chase, Appellant pleaded guilty to one count of Fleeing and two counts of Recklessly Endangering Another Person.[5] On September 23, 2021, the court sentenced Appellant to an aggregate 4–8-year term of incarceration. In addition, the court ordered Appellant to pay restitution for the damage to the police vehicles, in the amount of $12,584.77. Appellant did not file a direct appeal.

On October 25, 2021, Appellant filed a Motion for Restitution Hearing. In his motion, Appellant challenged the causal nexus between his criminal conduct and the imposition of restitution. He and the Commonwealth

---

[1] Trial Ct. Or., 2/10/22, at 1-2.

[2] Appellant's Br. at 13.

[3] Trial Ct. Or. at 2.

[4] *Id.*

[5] 75 Pa.C.S. § 3733(a), 18 Pa.C.S. § 2705.

stipulated, however, "that if restitution is determined to be properly awarded, the amount of restitution should be amended to [$9,691.85]."[6]

On January 24, 2022, the court held a hearing on Appellant's motion. On February 10, 2022, the court issued an order denying Appellant's request to vacate the restitution portion of his sentence but amending the restitution amount to $9,691.85.[7]

Appellant timely filed a Notice of Appeal and both he and the trial court complied with Pa.R.A.P. 1925. Appellant raises a single issue for our review:

> Did the trial court commit an error of law when it determined that the damages to the Waynesboro Police Department's vehicles was a direct result of Stoops' conduct when Stoops' vehicle was stopped, boxed in, a passenger exited[,] and he had ended his flight prior to the police officer intentionally ramming his vehicle

Appellant's Br. at 7.

Appellant claims that the trial court erred by finding a causal nexus between his criminal conduct in fleeing from the police and the damage to the police cruisers. *Id.* at 11-14. He argues that because he "came to a stop voluntarily and was allowing his passenger[] to disembark[, and because] the vehicle was boxed in[, t]here was no need to strike the vehicle to prevent further flight." *Id.* at 13. Therefore, according to Appellant, the cause of the

---

[6] Trial Ct. Or. at 1.

[7] Appellant is to pay restitution in the amount of $9,191.85 to Select Way Insurance and $500 to the Borough of Waynesboro. We note that restitution is payable to "victims," which include "an affected government agency[ and] any insurance company that has compensated the victim for loss under an insurance contract." 18 Pa.C.S. § 1106(h).

- 3 -

damage to the police vehicles, for which he is paying restitution, was the "separate, intervening[,] and unnecessary decision" by the police to ram his vehicle. *Id.* at 14.

The trial court disagreed. It found that "the events the defendant set in motion by his initial flight were [the "but-for" cause of] the damage to the cruisers[.]" Trial Ct. Op., 2/10/22, at 3. The court recognized that the defendant's conduct does not need to be the "direct cause" of the damages. *Id.* It, therefore, declined to "parse whether at the precise moment [the police] cruiser struck the defendant's vehicle the defendant was actively fleeing." *Id.*

Appellant's claim concerns the legality of his restitution sentence. *See Commonwealth v. Stradley*, 50 A.3d 769, 771-72 (Pa. Super. 2012). When reviewing the legality of a sentence, we apply a plenary scope and *de novo* standard of review. *Commonwealth v. Lekka*, 210 A.3d 343, 355 (Pa. Super. 2019).[8]

Section 1106 of the Crimes Code governs the imposition of restitution. It provides that "[u]pon conviction for any crime wherein [the value of property of a victim has] substantially decreased as a direct result of the crime[,] the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor." 18 Pa.C.S. § 1106(a)(1).

---

[8] Pursuant to 18 Pa.C.S. § 1106(c)(3), "a defendant [may] seek a modification or amendment of the restitution order at any time directly from the trial court." *Stradley*, 50 A.3d at 772. Thus, Appellant's motion is timely.

This Court has interpreted the phrase "as a direct result of the crime" to require "a loss that flows from the conduct which forms the basis of the crime for which a defendant is held criminally accountable." *Commonwealth v. Zrncic*, 167 A.3d 149, 152 (Pa. Super. 2017) (citation omitted). There must exist "a direct causal connection between the crime and the loss." *Commonwealth v. Barger*, 956 A.2d 458, 465 (Pa. Super. 2008) (*en banc*) (internal quotation marks and citation omitted). Courts apply a "but for" test to determine if a direct causal connection exists between the defendant's criminal conduct and a loss. *Commonwealth v. Poplawski*, 158 A.3d 671, 674 (Pa. Super. 2017). The test asks if the damages would "have occurred but for the defendant's criminal conduct." *Commonwealth v. Weir*, 201 A.3d 163, 171 (Pa. Super. 2018), *aff'd*, 239 A.3d 25 (Pa. 2020).

In the instant case, we agree with the trial court's cogent analysis and finding that Appellant's flight was the but-for cause of the damage to the police vehicles. Without Appellant's criminal conduct in fleeing from the police, the police vehicles would not have suffered damage. Contrary to Appellant's assertion, but-for cause analysis requires only a determination that the damages would not have occurred absent Appellant's criminal conduct. It is, therefore, irrelevant that the police, and not Appellant, initiated the contact between the vehicles. Since Appellant's criminal conduct was the but-for cause of the damage, we affirm the trial court's order denying Appellant's motion to vacate his restitution sentence.

Order affirmed.

Judge McLaughlin joins the opinion.

Judge Colins files a concurring opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2023