J-A25003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERALD A. SANDUSKY | : | |
| | : | |
| Appellant | : | No. 446 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 22, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0002421-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERALD A. SANDUSKY | : | |
| | : | |
| Appellant | : | No. 447 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 22, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0002422-2011

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:                                    **FILED MAY 13, 2021**

Gerald A. Sandusky appeals from his November 22, 2019 judgment of sentence imposed after this Court vacated his original judgment of sentence due to the imposition of an illegal mandatory minimum term and remanded for resentencing.  ***See Commonwealth v. Sandusky***, 203 A.3d 1033, 1103-04 (Pa.Super. 2019) ("***Sandusky II***").  We affirm in part, vacate in part, and remand with instructions.

This Court previously authored a succinct encapsulation of the factual overview of this case, which in relevant part is as follows:

> On November 4, 2011, after the Thirty-Third Statewide Investigating Grand Jury issued a recommendation and presentment, the Commonwealth charged Appellant with committing numerous sexual offenses against eight young males referred to as Victims 1 through 8 in case number 2422-2011. . . .
>
> On December 7, 2011, after the Thirty-Third Statewide Investigating Grand Jury issued another presentment, the Commonwealth charged Appellant with crimes committed against two additional victims, referred to as Victims 9 and 10 in case number 2421-2011. . . . The matter was held over to the Centre County Court of Common Pleas, and the Honorable John M. Cleland was specially appointed to preside.
>
> [Thereafter,] Appellant proceeded to a jury trial. On June 22, 2012, the jury found Appellant guilty of forty-five counts relating to the ten victims between 1995 and 2008.[1]

*Id*. at 1041-42. Appellant was sentenced to an aggregate term of thirty to sixty years of imprisonment, which included the imposition of several mandatory minimum terms pursuant to 42 Pa.C.S. § 9718(a). He filed a direct

---

[1] At case number 2421-2011, Appellant was found guilty of four counts of involuntary deviate sexual intercourse ("IDSI"), two counts of indecent assault, two counts of unlawful contact with a minor, two counts of corruption of minors, and two counts of endangering the welfare of children. At case number 2422-2011, Appellant was found guilty of four counts of IDSI, five counts of indecent assault, seven counts of unlawful contact with minors, eight counts of corruption of minors, eight counts of endangering the welfare of children, and one count of criminal attempt to commit indecent assault. Appellant's crimes "spanned a thirteen-year period." *Commonwealth v. Sandusky*, 77 A.3d 663, 665 (Pa.Super. 2013) ("*Sandusky I*").

appeal to this Court, which affirmed his judgment of sentence. *Id*. at 674. Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.

Thereafter, Appellant filed a timely petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"), which asserted a panoply of grounds for relief. Following six separate evidentiary hearings, the PCRA court denied Appellant's petition. On appeal, this Court affirmed that portion of the PCRA court's holding that denied Appellant's numerous requests for a new trial, but vacated his judgment of sentence as illegal pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013) and *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016).[2] *See Sandusky II*, *supra* at 1103-04. Specifically, this Court found that the imposition of mandatory minimums in Appellant's case pursuant to § 9718 was unconstitutional and, therefore, must be vacated. *Id*.

Appellant filed for allowance of appeal with our Supreme Court, which denied it. *See Commonwealth v. Sandusky*, 216 A.3d 1029 (Pa. 2019)

---

[2] As written at the time of Appellant's original sentencing, 42 Pa.C.S. § 9718 required the sentencing court to conduct independent fact-finding to determine the applicability of the mandatory minimum sentence terms. *See* 42 Pa.C.S. § 9718(c) ("The applicability of this section shall be determined at sentence. The court . . . shall determine, by a preponderance of the evidence, if this section is applicable."). However, in *Alleyne v. United States*, 570 U.S. 99, 99 (2013) the U.S. Supreme Court has since concluded that judicial fact-finding with respect to mandatory minimum sentences violates the Sixth Amendment to the U.S. Constitution. *See id*. ("Because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."). In *Commonwealth v. Wolfe*, 140 A.3d 651, 661 (Pa. 2016), our Supreme Court concluded that *Alleyne* had rendered the mandatory minimum sentence framework at § 9718 constitutionally infirm.

(*per curiam* order). Thereafter, Appellant did not petition for a writ of *certiorari* in the U.S. Supreme Court.

On November 22, 2019, Appellant was resentenced to an aggregate term of thirty to sixty years of incarceration at both above-captioned cases. *See* N.T. Sentencing, 11/22/19, at 38-39. With respect to financial penalties, the sentencing court's order directed that Appellant pay restitution to the Victim's Compensation Assistance Program ("VCAP") in the amount of $1,706.81. *Id*. at 46. The sentencing court made no reference to any other restitutionary sums owed by Appellant. *See also* Sentencing Order, 12/19/19, at 4. This restitution was specifically imposed with respect to Appellant's conviction at docket number 2422-2011. In addition to the sum referenced above, Appellant's docket also reflects the imposition of additional restitution in the amount of $95,047.88. There is no mention of this amount in the transcripts of the sentencing hearing or the sentencing order.

On December 2, 2019, Appellant filed a timely post-sentence motion requesting reconsideration of the sentence imposed upon various grounds. *See* Post-Sentence Motion, 12/2/19, at ¶ 7(i)-(vi). However, Appellant did not therein raise any challenge to the financial conditions of his sentence. On January 28, 2020, the sentencing court held a hearing at which Appellant argued that the sentence imposed was unduly harsh in terms of his overall rehabilitative needs. At the conclusion of the hearing, the sentencing court denied Appellant's motion. *See* N.T. Post-Sentence Motion Hearing, 1/28/20,

at 24; **see also** Order, 1/31/20, at 1. Appellant filed timely notices of appeal at the above-captioned cases in February 2020.[3]

On May 9, 2020, Appellant filed in this Court a motion seeking a new trial upon the basis of after-discovered evidence pursuant to Pa.R.Crim.P. 720(C). **See** Motion for New Trial on the Ground of After-Discovered Evidence, 5/9/20, at ¶¶ 1-68. Alternatively, he requested remand for further evidentiary hearings. **Id**. at ¶¶ 69-70. Two days later, Appellant filed a timely Pa.R.A.P. 1925(b) concise statements at both cases. In this filing, he asserted for the first time that the restitution provisions of his criminal sentence should be vacated. **See** Rule 1925(b) Concise Statement, 5/11/19, at ¶ 1. Appellant also noted the Rule 720(C) motion he had filed in this Court and incorporated those issues in his concise statement by reference. **Id**. at ¶ 2(A)-(E).

On June 1, 2020, the sentencing court filed a Rule 1925(a) opinion asserting that Appellant's claim concerning restitution implicated the discretionary aspects of his sentence and, ultimately, found waiver for failure to raise the claim prior to appeal. **See** Rule 1925(a) Opinion, 6/1/20, at 4. The sentencing court did not engage with the substance of Appellant's Rule 720(C) arguments, but "respectfully" raised the issue of whether Appellant had acted promptly in filing the motion. **Id**. at 5.

In his brief to this Court, Appellant has raised two issues:

_____

[3] On June 11, 2020, this Court consolidated these two cases *sua sponte*.

1. Did the [sentencing court] err in imposing a sentence requiring the payment of restitution in the amounts of $1,706.81, $95,047.88[,] and $1,420.01, since no testimony, documents or evidence of any kind were provided to the [c]ourt to support any claim for restitution, and the only amount of restitution ordered in the sentencing proceedings was in the amount of $1,706.81?

2. Should [Appellant's Motion for New Trial on the Ground of After-Discovered Evidence], filed in this Court pursuant to Pa.R.Crim.P. 720(C), be remanded to the [sentencing court] for evidentiary hearings, and decisions, on said motions?

Appellant's brief at 5.

Appellant's first issue concerns the restitution portion of his criminal sentence at docket number 2422-2011. As noted above, although the sentencing court only explicitly referenced restitution in the amount of $1,706.81, Appellant's sentence also includes an additional restitution component in the amount of $95,047.88.[4] To be clear, Appellant is challenging the validity of both of these amounts and asserts that there is insufficient support for the imposition of any restitution in the certified record. *See* Appellant's brief at 26 ("The trial court erred in imposing . . . any order of restitution under the circumstances where there was literally no evidence

_____

[4] To the extent that Appellant makes references to restitution in the amount of $1,420.01, our review of the certified record reveals no such financial penalty. Rather, we discern that this figure was derived from the $1,706.81 in restitution referenced by the sentencing court during Appellant's resentencing, minus sums that Appellant has already paid. Accordingly, we will not address this figure further.

- 6 -

offered at resentencing . . . to support any factual finding that restitution was warranted, or what the appropriate amount of restitution should be.").

To its credit, the Commonwealth concedes that there is no support in the record for the $95,047.88 portion of Appellant's restitution and asserts that "limited remand" for clarification is needed. **See** Commonwealth's brief at 11-16. With respect to the $1,706.81 in restitution, the Commonwealth claims that "[t]he supporting documentation pertaining to this claim was made available to [Appellant] in the 2012 pre-sentence investigation report" and asserts that this amount is "directly related to services provided to one of the victims who testified at trial." **Id**. at 13 n.9.

Before addressing its merits, we must properly construe the nature of Appellant's claim for relief. Appellant did not raise this issue before the sentencing court, or in his post-sentence motions. In its Rule 1925(a) opinion, the sentencing court concluded that Appellant's challenge to the validity of restitution implicated the discretionary aspects of his sentence and found waiver. **See** Rule 1925(a) Opinion, 6/1/20, at 4. Conversely, both Appellant and the Commonwealth assert that this issue implicates the legality of Appellant's sentence and, therefore, is not subject to waiver.

Whether a claim implicates the legality of a sentence presents a pure question of law, in which case our scope of review is plenary, and our standard of review is *de novo*. **See Commonwealth v. Weir**, 239 A.3d 25, 30 (Pa.

2020). Our Supreme Court recently addressed this very issue in **Weir**, and we find its analysis instructive in this case:

> Where a claim concerns the sentencing court's exercise of discretion in fashioning a sentence, the defendant must preserve and present the claim at trial by way of a contemporaneous objection and/or a post-trial motion and on appeal through the process provided by 42 Pa.C.S. § 9781(b) and Pa.R.A.P. 2119(f). Where a claim concerns the sentencing court's authority to impose a sentence, it is reviewable as of right on direct appeal, without regard to preservation of the claim. **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014). "[A] determination that a claim implicates the legality of a sentence . . . operates to revive a claim otherwise insufficiently preserved below," and is reviewable on permissive appeal. [**Id**.]
>
> In the realm of challenges to orders of restitution, [**In the Interest of M.W.**, 725 A.2d 729 (Pa. 1999)] is this Court's seminal discussion of the distinction between challenges to the legality of a restitution sentence and the discretionary aspects of such a sentence, and the resulting impact on issue preservation requirements.

**Id**. at 34. The decision in **M.W.** set forth a straightforward test for determining the nature of a claim challenging an order of restitution: "Where such a challenge is directed to the trial court's authority to impose restitution, it concerns the legality of the sentence; however, where the challenge is premised upon a claim that the restitution order is excessive, it involves a discretionary aspect of sentencing." **M.W.**, **supra** at 731 n.4.

Restitution is "[t]he return of property of the victim or payments in cash or the equivalent thereof pursuant to an order of court." 18 Pa.C.S. § 1106(h). As a general matter, "an order of restitution must be based upon statutory authority." **M.W.**, **supra** at 731. "[T]he authority of the sentencing court to

impose restitution is codified in the Crimes Code in Section 1106." ***Weir***, ***supra*** at 34; ***see also*** 42 Pa.C.S. § 9721(c). In pertinent part, § 1106 provides as follows:

> (a) General rule.—Upon conviction for any crime wherein:
>
>> (1) property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime; or
>>
>> (2) the victim, if an individual, suffered personal injury directly resulting from the crime,
>
> the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> . . . .
>
> (c) Mandatory restitution.—
>
>> (1) The court shall order full restitution:
>>
>>> (i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. . . .
>>
>> . . . .
>>
>> (2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:
>>
>>> (i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.
>>>
>>> (ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

(iii) Shall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay.

(iv) Shall consider any other preexisting orders imposed on the defendant, including, but not limited to, orders imposed under this title or any other title.

. . . .

(4)(i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

18 Pa.C.S. § 1106.

In **Weir**, our Supreme Court applied the test set forth in **M.W.** directly to the above-discussed statutory framework governing restitution, as follows:

In the context of issue preservation principles, Section 1106 requires an integrated analysis of its relevant provisions. Section 1106(a) is mandatory in its directive and removes any discretion from the sentencing court to impose restitution as punishment upon conviction of a crime under two circumstances: where the property of a victim has been stolen, converted or otherwise unlawfully obtained or its value has been substantially decreased as a direct consequence of the crime, 18 Pa.C.S. § 1106(a)(1), or where the victim, if an individual, suffered personal injury resulting from the crime, 18 Pa.C.S. § 1106(a)(2). Thus, the failure of a trial court to impose restitution where the circumstances described in Section 1106(a)(1) or (2) are established results in an illegal sentence. **Conversely, and as relevant to a defendant's challenge, if the statutory circumstances are not established and the sentencing court orders restitution, the challenge to the sentence implicates its legality.** In either of these sentencing scenarios, a challenge to the sentence of restitution need not be preserved.

*Weir*, *supra* at 37-38 (emphasis added). By contrast, challenges to the amount of restitution ordered, or to the extent of injury or loss suffered by a victim, implicate only the discretion of the sentencing court. *Id*. at 38.

Accordingly, we agree with the parties that Appellant's first claim for relief implicates the legality of his sentence. Appellant's argument is not that the sums of $1,706.81 and $95,047.88 are excessive and must be reduced, but that the predicate requirements for the entry of **any** order of restitution at § 1106(a) have not been met. **See** Appellant's brief at 30-31; Commonwealth's brief at 15-16 (" [Appellant's] argument is that there is no causal nexus between his sexual assaults and the restitution . . . . Since this type of argument is a challenge to the legality of his sentence, the claim cannot be waived."). Thus, we will address the merits of Appellant's claim.

Under Pennsylvania law, "[t]here must be a direct link between the crime and the requested damages for restitution to be ordered Section 1106(a)." **Commonwealth v. Holmes**, 155 A.3d 69, 83 (Pa.Super. 2017) (*en banc*) (plurality); **see also Commonwealth v. Poplawski**, 158 A.3d 671, 674 (Pa.Super. 2017) ("[R]estitution is proper only if there is a causal connection between the crime and the loss.").

There is sufficient support in the certified record to support the sentencing court's order for Appellant to pay restitution in the amount of $1,706.81. As noted in a September 24, 2012 letter sent by the Centre County Probation and Parole Department to the sentencing court, "[i]t is

respectfully recommended the Court order [Appellant] to pay restitution to [VCAP] in the amount of $1,706.81 as part of any sentencing orders of CP-14-CR-2422-2011, Counts 32, 34, and 35 relating to Victim #7." Letter, 9/24/12, at 1. Specifically, this restitution was related to counseling and transportation expenses incurred by one of Appellant's victims. Appellant was ordered to pay this exact amount when he was originally sentenced on October 9, 2012. *See* Sentencing Order, 10/9/12, at 4. While the sentencing court did not explicitly reference this justification during Appellant's resentencing, we note that "[t]here is no requirement the reasons for ordering restitution be set forth at sentencing." *Commonwealth v. McLaughlin*, 574 A.2d 610, 617 (Pa.Super. 1990); *see also* 18 Pa.C.S. § 1106(c)(2) (requiring the court set forth only the "amount and method of restitution" at the time of sentencing).

The provenance, however, of Appellant's apparent obligation to pay $95,047.88 in restitution is significantly less clear. It does appear from our review of the certified record that Appellant is being required to pay this sum in connection with his convictions at case number 2422-2011. *See* Docket Case No. 2422-2011, 2/25/20, at 116 (indicating that Appellant owes "Restitution" in the amount of "$95,047.88"). However, this sum is not referenced in any transcript or document that we have reviewed in the certified record. Indeed, the only document that speaks to Appellant's restitution obligations is the above-quoted correspondence from the Centre

County Probation and Parole Department, and it is silent regarding any such amount owed save for the $1,706.81 discussed above.

While acknowledging the depravity of Appellant's convictions, there still must be an evident causal connection between the restitution to be paid and his underlying crimes. *See Commonwealth v. Harner*, 617 A.2d 702, 705 (Pa. 1992) ("[R]estitution can be permitted under 18 Pa.C.S. § 1106 only as to losses for which the defendant has been held criminally accountable. This is in keeping with the well established principle that criminal statutes must be strictly construed."). Ultimately, there is no evident causal connection in the certified record between the $95,047.88 in apparent restitution and Appellant's convictions. This is plain error. *Id*. at 705 (holding that the sentencing court erred in ordering restitution under § 1106(a) where there was no nexus between financial loss and the defendant's conviction); *Commonwealth v. Zrncic*, 167 A.3d 149, 152-53 (Pa.Super. 2017) (same).

Therefore, we vacate that portion of Appellant's criminal sentence at case number 2422-2011 requiring him to pay $95,047.88 in restitution. Furthermore, limited remand is appropriate due to conflicting representations in the record as to the origins of the $95,047.88 in restitution.[5] Upon remand,

---

[5] For example, in its opinion entered pursuant to Pa.R.A.P. 1925(a), the sentencing court states without explanation that the $95,047.88 in restitution that Appellant has been ordered to pay reflects the "costs" of prosecution. *See* Rule 1925(a) Opinion, 6/1/20, at 4. We find no support for this conclusion in the certified record or the sentencing transcripts.

- 13 -

the sentencing court shall address any outstanding issues related to the $95,047.88 in restitution discussed above and ensure that Appellant is resentenced in conformity with § 1106(a).

We now turn to Appellant's application for relief pursuant to Pa.R.Crim.P. 720(C), which concerns "after-discovered evidence" that Appellant claims should result in the award of a new trial, or, in the alternative, remand for further evidentiary hearings. *See* Motion for New Trial on the Ground of After-Discovered Evidence, 5/9/20, at ¶¶ 1-73. The after-discovered evidence relied upon by Appellant is: (1) a photocopy of a diary allegedly maintained by Kathleen McChesney in her capacity as a member of the investigative team led by Louis Freeh, Esquire ("the Freeh team"), which was appointed by the Penn State Board of Trustees to conduct an independent inquiry into events surrounding Appellant's crimes; (2) "summaries" of alleged emails to and from various members of the Freeh team; and (3) an affidavit from Appellant's trial counsel concerning his responses to this alleged information. *Id*. at ¶ 6.

---

We also note that on November 6, 2019, Appellant filed an application to strike a judgment that was apparently entered by the Centre County Probation and Parole Department on a separate civil docket in the amount of $97,351.69 with respect to Appellant's conviction at case number 2422-2011. *See* Petition to Strike Judgment at Case No. 2012-3834, 11/6/19, at ¶¶ 1-5. In this *de hors* petition, Appellant sought to strike the purported judgment upon the basis that there was no certification pursuant to 42 Pa.C.S. § 9728(b)(1). *Id*. at ¶¶ 6-9. Appellant has not raised any claims that explicitly implicate this filing. Furthermore, any issues related to this civil case are not properly before us. Nonetheless, the uncertain status of that case underscores the need for remand on a limited basis.

Aside from trial counsel's affidavit, these referenced documents are not attached to Appellant's motion or otherwise available for primary review by this Court, although Appellant has attached what he purports to be summaries of these documents as a sealed exhibit to his motion. *Id*. at Exhibit A. In general, Appellant asserts that this evidence bespeaks "substantial communications between the Office of Attorney General and the Freeh group," as well as other individuals related to Penn State and the National Collegiate Athletic Association. Overall, Appellant claims his trial strategy would have been different if counsel had been aware of these communications. *Id*. at ¶¶ 7-10, 13-25, 45, 54-62. He also alleges violations of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *Id*. at ¶¶ 63-68.

Pennsylvania Rule of Criminal Procedure 720 governs Appellant's requests for relief. In pertinent part, it provides that "[a] post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing **promptly after such discovery.**" Pa.R.Crim.P. 720(C) (emphasis added). The commentary to this rule provides further guidance with respect to such claims:

> [P]aragraph (C) requires that any claim of after-discovered evidence must be raised promptly after its discovery. Accordingly, after-discovered evidence discovered during the post-sentence stage must be raised promptly with the trial judge at the post-sentence stage; after-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process, and should include a request for a remand to the trial judge; and after-discovered evidence discovered after completion of the direct appeal process should be raised in the context of the PCRA.

- 15 -

Pa.R.Crim.P. 720 at cmt. Thus, a defendant's duty to promptly file a Rule 720(C) motion is directly related to the time of discovery.

Thus, before addressing the merits of Appellant's claim, we must assess whether he has complied with the procedural requirements of Rule 720(C) by filing a "prompt" post-sentence motion. *See Commonwealth v. Perrin*, 108 A.3d 50, 51 (Pa.Super. 2015). There is no bright-line rule with respect to promptness under Rule 720(C), but our case law indicates that defendants must act swiftly. *See Commonwealth v. Griffin*, 137 A.3d 605, 607 (Pa.Super. 2016) (considering the merits of Rule 720(C) motion where it was filed within approximately four days of disclosure of new evidence); *Commonwealth v. Trinidad*, 96 A.3d 1031, 1036 (Pa.Super. 2014) (holding that a defendant's Rule 720(C) motion was "promptly" filed when it was submitted within twenty-four hours of discovering new evidence); *Commonwealth v. Rivera*, 939 A.2d 355, 356-58 (Pa.Super. 2007) (holding that defendant complied with promptness requirement of Rule 720(C) by filing within three weeks of publication of after-discovered evidence and "immediately" after its discovery).

In relevant part, Appellant asserts as follows with the respect to the timeline of discovery:

> On November 4, 2019, [counsel for Appellant] received a copy of a document purported to be the diary maintained by Ms. McChesney regarding events occurring in the Freeh investigation. Thereafter, in February, 2020, counsel obtained copies of summaries of emails among, and including, Freeh group

members. Finally, current counsel reviewed these and other documents with [Appellant's] trial counsel in March, 2020, and trial counsel provided responses set forth in an Affidavit[.]

*See* Motion for New Trial on the Ground of After-Discovered Evidence, 5/9/20, at ¶ 6. Thus, Appellant waited six months from the disclosure of the alleged McChesney diary, four months from the disclosure of the purported email summaries, and three months from the completion of trial counsel's affidavit to file a motion for a new trial upon the basis of after-discovered evidence.

We are unconvinced that Appellant acted "promptly" within the meaning of Rule 720(C). Based on Appellant's own timeline, the two critical pieces of after-discovered evidence,[6] *e.g.*, the McChesney diary and the Freeh team emails, were indisputably discovered while Appellant's case was still in the post-sentence phase.[7] As such, Rule 720(C) indicates that he had a duty to promptly raise these evidentiary issues with the sentencing court. Instead, Appellant dithered for one-half of a year before raising these issues in a petition to this Court. This procedure does not comport with Rule 720(C). Therefore, we deny Appellant's motion for failure to comply with the

_____

[6] The affidavit of trial counsel is technically "new" in that it contains statements that did not exist before the time of this case. However, it offers little in terms of substantive evidence aside from: (1) confirmation that these documents were previously unknown to trial counsel; and (2) corroboration of certain factual points, such as scheduling and pre-trial negotiations. *See* Amended Exhibit A, 6/17/20, at ¶¶ 1-41.

[7] Appellant has not provided a discrete date upon which trial counsel's affidavit was executed prior to the filing of the Rule 720(C) motion, stating only that trial counsel reviewed these documents sometime in March 2020.

- 17 -

procedural requirements of Rule 720(C).  Due to the nature of our holding, we do not address the merits of his allegations.

Judgment of sentence affirmed in part and vacated in part.  Case remanded with instructions.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2021